CLEVELAND vs. HARRISON and others.

An administrator has authority to sell or dispose of notes and mortgages belonging to the estate of the deceased, without any previous order of the probate court for that purpose.

Part payment of a debt, within six years before the commencement of an action for its recovery, is such an acknowledgment that the debt is due as to take the case out of the statute of limitations.—Sec. 37, chap. 138, R. S., consid-

ered in connection with sec. 41 of the same chapter, has not altered the rule upon that subject.

A and B gave their joint and *several* promissory note, secured by a mortgage executed by B only. In an action to foreclose the mortgage, commenced more than six years after the maturity of the note, it was shown that A had, within six years before the commencement thereof, made a partial payment on the note. *Held,* that as the case was taken out of the statute so far as A was concerned, it was no defense to the action that the statute had run upon the debt so far as concerned the personal liability of B.

June Term, 1862.

CLEVELAND
v.
HARRISON et al.

APPEAL from the Circuit Court for *Milwaukee* County.

This action was commenced October 3d, 1860, to foreclose a mortgage dated March 8, 1854, given by *Charles Harrison* to secure a joint and several promissory note of the same date, executed by him and *Caleb Harrison*, payable six months from date, to the order of James Doyle. The complaint alleges that the note was indorsed and the mortgage assigned by Doyle to one Hibbard in January, 1855; that Hibbard indorsed and assigned them in March, 1855, to one Scott, who died on or before the 1st of October, 1855; that said Hibbard was duly appointed administrator of the estate of said Scott in this state, and certain other persons named were duly appointed administrators of said estate in Massachusetts; that said Hibbard, as such administrator, assigned said mortgage and note to the administrators in Massachusetts, December 25, 1857; and that the latter, on the 1st of December, 1858, for a valuable consideration, "sold and delivered said note and mortgage to the plaintiff," who is the lawful owner and holder, &c. The complaint further alleges that the defendants paid interest on the note from time to time up to the 8th of March, 1860; and that *Caleb Harrison,* on the 4th of September, 1860, paid the plaintiff $100 on the note, and promised to pay the balance due.

The defendants *Charles* and *Caleb Harrison* answered: 1. That the cause of action set forth in the complaint did not accrue within six years next before the commencement of the action. 2. That they admitted the making of the note and mortgage mentioned in the complaint, the assignment of them by Doyle to Hibbard, and by Hibbard to Scott in his lifetime, and the death of said Scott; and denied every other allegation of the complaint.

At the trial, the note and mortgage were produced in evidence, the note being indorsed by Doyle and Hibbard. There were also indorsed upon it payments of interest from time to time, the last being dated April 27, 1859, for interest due March 8, 1859. The plaintiff then offered in evidence an assignment of said note and mortgage by Hibbard, administrator, &c., to the administrators in Massachusetts; to which the defendant objected "for incompetency, and because the plaintiff had not shown any order of the probate court, or any authority to said Hibbard, as administrator, to assign the note and mortgage." Objection overruled. The plaintiff also called as a witness Newcomb Cleveland, to prove the alleged payment of $100 on the note by *Caleb Harrison.* The substance of his testimony is stated by the court.—The circuit court found the facts substantially as alleged in the complaint, and rendered judgment for the plaintiff.

*Cary & Pratt,* for appellants:

1. There was no evidence offered to show any authority to the administrators in Massachusetts to sell or assign the note and mortgage to the plaintiff, nor was any such assignment shown. An administrator has no power to dispose of such property, except by order of the probate court which appoints him. 2. The defendants were entitled to have their plea of the statute of limitations sustained, unless the payments of interest by the *Harrisons* before the six years had elapsed, and the payment of $100 by *Caleb Harrison* on the 4th of September, 1860, had the effect of continuing or renewing the obligation. The parol promise made by *Caleb Harrison* on the 4th of September, to pay the note, is void. Sec 37, chap. 138, R. S. Sec 41, chap. 138, leaves the effect of payment of a part of the principal or interest to be governed by the law as it was before the enactment of sec. 37. The statute of limitations is a statute of *repose,* founded on public policy, for the purpose of preventing the bringing of suits upon stale demands, after the evidence of a meritorious defense shall have been lost or scattered. 1 Peters, 360; *Pritchard vs. Howell,* 1 Wis., 131; Ang. on Lim., 208. Under the law as it

was prior to the enacting of secs. 37 and 41, chap. 138, R. S., <span style="float:right;">June Term, 1862.</span> part payment must therefore be accompanied by an unequivocal promise to pay the balance, to take the case out of the <span style="float:right;">CLEVELAND v. HARRISON et'al.</span> operation of the statute; and the payments made by the appellants, no evidence having been offered of such promise, did not have that effect. 3. These sections of the statute are taken from 9 Geo. IV, chap. 14, and the later decisions in England have been to the effect that part payment must not only be accompanied by a promise to pay the balance, but such promise must be in writing. *Wainman vs. Kynman*, 1 Exch., 118; *Willis vs. Newham*, 3 Y. & J., 519. 4. *Charles Harrison*, who alone gave the mortgage, cannot be deprived of this defense by reason of the payment made by *Caleb Harrison* alone, they being joint contractors. Sec. 42, chap. 138, R. S.

*Carpenter & Gridley*, for the respondent:

1. The proof shows a correct and legal transfer of the note and mortgage to the plaintiff. The note is indorsed in blank, and its production by the plaintiff is *prima facie* evidence of his title, and conclusive unless rebutted. The mortgage is but an incident to the debt, and no indenture of assignment was necessary to pass the title to it. *Emmons vs. Dowe*, 2 Wis., 322; *Croft vs. Bunster*, 9 Wis., 503; *Cornell vs. Hichens*, 11 Wis., 353; *Rice vs. Cribb*, 12 Wis., 179; *Green vs. Hart*, 1 Johns., 580. 2. The administrator has authority to sell and transfer personal property without the previous direction or authority of the probate court. (*Munteith vs. Rahn*, 14 Wis., 210; *Williams vs. Ely*, 13 Wis., 1); and in the absence of other proof, the presumption is that the law of Massachusetts in this respect is like that of Wisconsin. *Rape vs. Heaton*, 9 Wis., 329. 3. The plaintiff's right of action accrued prior to the enactment of sec. 37, chap. 138, R. S., and a promise in writing was therefore unnecessary. *Winchell vs. Hicks*, 21 Barb., 448; S. C., 18 N. Y., 558. 4. By sec. 41, chap. 138, R. S., the full force and effect of the payment of principal or interest was preserved as it existed prior to such statute, and if made within six years next after the maturity of the note, the statute would not run, and a written promise would not be

necessary. *Pickett vs. King*, 34 Barb.; 193. The facts of this case are fully within the law as decided in *Pritchard vs. Howell*, 1 Wis., 138. The mortgage was given to secure a joint and *several* liability, and if *Charles Harrison*, is discharged by operation of the statute, yet if *Caleb* by reason of promises and payments, is still liable on the note, the mortgage must still be held as security for *his* (*Caleb's*) *several liability*.

November 26.     *By the Court*, COLE, J.   In *Ely vs. Williams*, 13 Wis., 1 and *Munteith vs. Rahn*, 14 id., 210, we have decided that an administrator has authority to sell and dispose of notes and mortgages belonging to the estate of the deceased, without any previous order of the probate court authorizing or directing him so to do, which disposes of the first point made on the brief of the counsel for the appellants. The only remaining question is that which arises upon the defense of the statute of limitations set up in the answer. The action is brought to foreclose a mortgage given by the appellant *Charles Harrison*, to secure the payment of a joint and several note executed by him and his brother *Caleb*, bearing date March 8th, 1854, payable six months from date, to the order of James Doyle, with twelve per cent. interest until paid. The mortgage bore even date with the note and was duly sold and assigned with the note in December, 1858, to the respondent. It appears that interest on the note was annually paid and indorsed on the note up to March, 1859. On September 4th, 1860, a payment of one hundred dollars was made on the note under the following circumstances, as stated by the witness Newcomb Cleveland. He says in substance, that in the spring of 1860, in behalf of the respondent, he called at the house, where *Caleb* resided, and demanded payment of the note and mortgage ; that *Caleb* was not present at the time, and *Charles* said he had nothing to do with the arrangement—that it belonged to his brother. Witness called again, and saw *Caleb* in the absence of *Charles*, and demanded payment of the note and mortgage. *Caleb* said it was not convenient for him to pay it at that time, but that he would pay the interest in a few days, and the principal on the first of September following. He told witness

that he had some money coming to him from Hibbard at that time, and that he would meet the note and mortgage with the money which he expected from that source. Witness called on *Caleb* on or about the 4th of September following. when he said he could not get his money from Hibbard until about the 15th of the month, and would pay it then. Witness told him if he would give him $100 to apply on the note, he would wait until the 15th. *Caleb* said he would if he could get the money from Hibbard. They went together and saw Hibbard, *Caleb* saying to the latter he wanted him to pay $100 on the note and mortgage in suit, and Hibbard gave witness his check for the amount, which was indorsed on the note. Afterwards when *Caleb* was called upon for payment, he declined making it, on the ground that witness had no authority to receive it. Subsequently he and *Charles* interposed the statute of limitations as a defense to the suit for foreclosure of the mortgage. And the question in the case is, can that defense be sustained in view of the facts above stated? We are clearly of the opinion that it cannot. We suppose it is well settled by the authorities that a part payment of the debt within six years before the commencement of the suit, is such an acknowledgment or admission that the debt was due as to take the case out of the operation of the statute. We do not understand this to be denied even in England, where considerable discussion has arisen as to the correct construction to be given to the statute of 9 Geo. IV, chap. 14, although the judges do not seem to have agreed in opinion as to what was proper evidence of payment under the act. In *Willis vs. Newham*, 3 Y. & Jer., 518, it was held that a verbal acknowledgment of the payment of a part of the debt by the defendant was not sufficient, but that there must be proof of actual payment by some one cognizant of the fact or by a writing such as the act requires. This decision has been followed in some other cases, although it has been declared that if the matter were res *integra*, any proof of payment would be held sufficient. *Maglin vs. O'Neil*, 7 M. & Wellb., 531 ; *Eastwood vs. Saville*, 9 id., 615.

In *Williams vs. Gridley* 9 Met., 482, under a similar

June Term 1862.

CLEVELAND
v.
HARRISON et al.

June Term, 1862.

CLEVELAND
v.
HARRISON et al.

statute, the court refused to follow *Willis vs. Newham*, but said that the fact of payment was to be proved by any evidence competent, according to the rules of the common law, to establish the fact, and of course might be shown by the verbal admissions of the debtor. There is no controversy however in this case about the fact of the payment of one hundred dollars in September, before the statute had run; but the contest is as to what effect must be given to the payment, admitting it then to have been made. The witness Newcomb Cleveland, in the testimony already referred to, clearly establishes the fact of the payment of a hundred dollars by *Caleb Harrison* at that time, and he stands uncontroverted and unimpeached. This being so, even within the strict rule of *Willis vs. Newham*, the case is taken out of the operation of the statute. It certainly is, so far as the appellant *Caleb* is concerned, who, by making this payment when he did, not only recognized the debt to be due and unpaid, but further made a most distinct and positive promise to pay it at a future time. And it is claimed by the counsel for the respondent, that although this payment and promise were made by *Caleb*, yet *Charles* is equally bound by them, by reason of the fact that when applied to for payment he referred the party to his brother *Caleb*. It is said to be equivalent to an express direction by *Charles* to the witness, Newcomb Cleveland, to request *Caleb* to pay that which could have been and probably would have been, but for this direction, collected of him, and therefore that the payment and promise attached to him all their legal effects and consequences. It must be conceded that there is very great strength in this view of the matter, and it seems to be fully supported by *Winchell vs. Hicks*, 21 Barb. (S. C.), 448, and 18 N. Y. R., 558, which is strictly an analogous case. In the present aspect of this case, it becomes unnecessary to determine whether *Charles* would be bound by this payment and promise by *Caleb* or not. For it will be observed this suit is to foreclose a mortgage given to secure the payment of a joint and several promissory note. Now, admitting that *Charles* would not be liable to pay any deficiency which might exist, yet as the mortgaged premises are bound

for the payment of a several as well as a joint indebtedness, they are consequently bound for the debt of *Caleb.* So that it is no defense to this suit to say that the statute of limitations has run upon this debt as to the appellant *Charles.* It was further insisted that because section 37, chap. 138, R. S., provides that no acknowledgement or promise shall be sufficient evidence of a new and continuing contract whereby to take a case out of the operation of the statute of limitations, unless the same is contained in some writing signed by the party to be charged thereby, therefore there must be a written promise to pay the balance in this case. It is very obvious what mischief this provision was intended to guard against and prevent. Under the statute as it stood prior to this enactment, it is well known that courts had sometimes, out of hostility to it, held that any expressions of the debtor in respect to a stale demand, however equivocal, vague and indefinite, were evidence of a new promise to revive the cause of action. And although that line of decisions was repudiated by this court in *Pritchard vs. Howell,* 1 Wis. R., 131, yet the legislature undoubtedly thought it safe, in order to guard innocent persons against the dangers of being entrapped in careless conversations and betrayed by false swearing—to provide that no promise should be sufficient to take a case out of the statute, unless evidenced by a writing signed by the party making it. At the same time it was expressly provided that nothing in the chapter should alter, take away or lessen the effect of a payment of any principal or interest, but no indorsement or memorandum of any payment written upon any note, &c., was to be deemed sufficient proof of the payment so as to take the case out of the operation of the statute. Section 41. Courts had held with great uniformity, that a part payment was such an admission of existing indebtedness as to revive the cause of action. It was deemed a safer ground to go upon than a mere promise or acknowledgment. *Van Keuren vs. Parmelee,* 2 Coms., 523 ; *Shoemaker vs. Benedict,* 1 Kernan, 176. As said in *Wyatt vs. Hodson,* 8 Bing., 309, " the payment of principal or interest stands on a different footing from the making of promises, which are often rash or

*June Term, 1862.*

CLEVELAND
v.
HARRISON et al.

ill interpreted, while money is not usually paid without deliberation; and payment is an unequivocal act, so little liable to misconstruction as not to be open to the objection of an ordinary acknowledgment." So while the legislature provided that nothing but a written promise should be sufficient evidence to take a case out of the statute, partial payments were to have the same effect as before. They are available as facts from which an admission of the existence of the entire debt and a liability to pay may be inferred. The counsel seemed to suppose that this rule had been changed by the decision in *Pritchard vs. Howell.* But we do not so understand that decision. The case is very clearly distinguishable from the one under review. There an acknowledgment of the debt made after the statute had run, was relied on to revive the cause of action. And the court held that nothing but a clear acknowledgment of the debt and an unqualified promise to pay, which would be equivalent to a new cause of action arising within six years, would avoid the statute. There are some expressions in the opinion, to the effect that the statute was not one establishing a rule for presumption of payment, but was intended to be a positive prohibition against bringing a suit after a lapse of six years from the time the cause of action accrued, which may be open to criticism; still these expressions should be construed with reference to the point in judgment. There can be no doubt that *Pritchard vs. Howell* was rightly decided upon the facts before the court. It was sought to raise a promise by implication from the acknowledgment of the party that he was liable for the face of the note and interest after deducting the indorsement. The witness could not give the words of the party but the substance of the conversation. It was a species of evidence which, it has been often observed, should be received with great caution, on account of the liability to misconstruction and misstatement. And it was this very mischief that section 37 was intended to prevent, by requiring the new promise to be evidenced by a writing signed by the party. But there is nothing in *Pritchard vs. Howell,* when considered with reference to the

facts before the court, which is at all in conflict with the views expressed upon this case.

It follows that the judgment of foreclosure and sale must be affirmed.