THE NATIONAL BANK OF DELAVAN VS. COTTON, Administrator.

53   31
85  331

*September 3 — September 27, 1881.*

STATUTE OF LIMITATIONS.  *When a payment by one joint debtor removes the statutory bar as to all.*

1. In the absence of any statute to the contrary, payment by one joint debtor will remove the bar of the statute of limitations as to all, on the ground that each joint debtor is the agent of all the rest for making such payment.

2. Sec. 4248, R. S., provides that no one of several joint contractors shall lose the benefit of the provisions of that chapter, relative to the limitation of actions, " so as to be chargeable, *by reason only of any payment made by any other or others of them.*" B. and G., being jointly indebted on a note to X., and jointly indebted to Y., agreed with each other that B. should pay a certain sum on said note to X., and G. a like sum on the indebtedness to Y.; and the payments were made accordingly, before the statute had run upon said note. *Held,* that such payment upon the note by B., during the life of G., *pursuant to such agreement,* removed the bar of the statute as to G., and as to his personal representatives after his death.

3. The *fact* of such payment held to be established by the evidence (stated in the opinion), notwithstanding a contrary finding by the court below.

APPEAL from the Circuit Court for *Walworth* County.

Action on a promissory note dated October 3, 1872, executed by S. Atwater & Co., and payable on demand. It appears that the firm of S. Atwater & Co. was dissolved in 1872, and that A. H. Barnes and Patrick Gormley, by the written agreement dissolving the partnership, assumed payment of said note and of all other demands against the firm, and became owners of the personal property of such firm. After the death of Patrick Gormley, the balance unpaid on the note was allowed as a claim against his estate; and from that allowance the administrator of the estate appealed to the circuit court. The defense was based on the statute of limitations. The facts found by the circuit court will sufficiently appear from the opinion. From a judgment in favor of the defendant, plaintiff appealed.

For the appellant there was a brief by *Fish & Dodge*, and oral argument by *Mr. Fish.*

For the respondent there was a brief by *A. S. Spooner, S. J. Todd* and *Bennett & Sale*, and oral argument by *Mr. Bennett.*

ORTON, J.  The findings of fact by the circuit court upon which the judgment was rendered for the defendant in this cause are, substantially, that no payment was made upon the note in suit after the 6th day of January, 1873, by Patrick Gormley, before his death on the 9th day of January, 1879, or by any one authorized thereto in his behalf; that the debt mentioned did not accrue within six years next prior to his death; and that Patrick Gormley did not undertake or promise to pay said debt within said six years.  The conclusion of law was, of course, that the cause of action was barred by the statute of limitations.  The only question which need be determined on this appeal is one of fact — whether Patrick Gormley, in his life-time, made any payment upon said note after the 6th day of January, 1873, or by any one authorized thereto in his behalf.  Being of the opinion that the finding of the circuit court upon this question was clearly erroneous, other exceptions in the record need not be considered.

Patrick Gormley and one A. H. Barnes were jointly liable to pay this note, together with other indebtedness, to the plaintiff, of the firm of S. Atwater & Co., which they had assumed on the dissolution of said firm.  D. B. Barnes testified that A. H. Barnes and Patrick Gormley told him that they had made an arrangement and agreement whereby A. H. Barnes was to pay $600 on this note, and Patrick Gormley was to pay a like sum to one George Cotton, for which they were also jointly liable to the plaintiff, and then testified positively and of his own knowledge that A. H. Barnes paid, of the $600 to be paid on this note by said agreement, the sum of $585 on the 11th day of September, 1875, and that he in-

formed Gormley that it had been so paid; and it was in evidence that Patrick Gormley paid Cotton $600, according to said agreement. Cotton testified that he understood that such was the agreement from information derived from both A. H. Barnes and Patrick Gormley, and that Gormley paid him the $600; but he testified further that he thought this arrangement was made in 1877; but he modified his testimony as to the date by saying that it was made when the second year's interest was due on his claim, and exactly when that was the evidence is silent, except that his claim was due in two years from June, 1871, which, by inference, would make the second year's interest due at that time, or in June, 1873, and the date of the arrangement at that time, instead of the year 1877, or in 1876 or 1877, and it is uncertain which. The witness D. B. Barnes was connected with the bank owning and holding this paper, and was in a condition to know positively when this payment was made. The witness Cotton speaks from vague and uncertain recollection as to the time when he was informed simply concerning the arrangement by which the payments were to be made, and then changes his testimony to correspond with an event which inferentially makes its date 1873, 1876, or 1877; and he does not pretend to know when the $585 of the $600 agreed to be paid by A. H. Barnes to the bank was actually paid. But if this payment was in 1877, it was within six years from 1873, the time of the previous payment of $600.

The testimony of D. B. Barnes appears to us to be conclusive that this $585 was paid on the 11th day of September, 1875. The testimony is equally clear as to the manner in which this payment was made. It was by an arrangement and agreement between A. H. Barnes and Patrick Gormley, and by the request and direction, and with the consent and acquiescence, of Gormley. These are unquestionably the facts of the case, and the finding of the circuit court on this question of fact is clearly against the evidence.

The questions of law arising upon these facts are well settled. In the absence of any statute to the contrary, payment by one joint debtor will remove the bar of the statute as to all, on the ground that each joint debtor is the agent of all the rest for making a payment which all are bound to make. This is the law by a clear weight of authority. 2 Parsons on Notes and Bills, 658, and notes *p* and *q*. But by our statute (section 4248, R. S.), " no one of them shall lose the benefit of the provisions of this chapter (on limitations of actions), so as to be chargeable, by reason only of any payment made by other or others of them." The remaining question of law, therefore, is whether the payment of the $585 on this note, in this manner, and under such circumstances, removed the bar of the statute as to Patrick Gormley.

In *Winchell v. Hicks*, 18 N. Y., 558, where sureties on a joint and several note were called upon for payment, and they directed the holder to call upon the principal for payment, and the principal made a payment on the note, it was held such an acknowledgment of liability as to arrest the running of the statute against them. In *Huntington v. Ballou*, 2 Lansing, 120, where the maker made payment of interest on the note, reciting in the receipt that it was made by an accommodation indorser, by the hand of the maker, and the indorser, when afterwards shown the receipt by the holder, examined it and expressed his approval of it, it was held that the payment took the case out of the statute as to such indorser. It is said in the opinion that " the holder had the right thereafter to suppose that the payment made by the maker was so made with the *full understanding and arrangement* that it should be so made for the indorser." This holding was approved, and the judgment affirmed, in *First Nat. Bank of Utica v. Ballou*, 49 N. Y., 155; and in this case it was also held that the requirement of the statute that an acknowledgment or promise to take a case out of the operation of the statute must be *in writing*, does not alter the effect of a *payment* of principal

or interest, and prescribes no new rule of evidence as to the fact of such payment, which may be proved by oral admissions of the debtor, and such payment may be made by an agent, and the authority of the agent may be proved by parol evidence. The case of *Harper v. Fairley*, 53 N. Y., 442, depended on the question whether the maker of the note had knowledge of the payment made upon it by another, and assented to it or authorized it, and is not in conflict with the above cases in any respect. In *Pitts v. Hunt*, 6 Lansing, 146, it is held that money paid by one of two persons jointly indebted on contract, at the request of the other, stops the running of the statute as to both. In *Whipple v. Stevens*, 2 Foster (N. H.), 219, it was held that where the surety made a payment upon the note in the presence of the principal, and the principal did not expressly dissent and said nothing, the principal tacitly assented to such payment, and the payment stopped the running of the statute as to both the principal and surety. These authorities are more than sufficient to make the payment of the $585 on this note by the hand of Barnes, according to such agreement between him and Gormley, a payment by the request and with the assent of Gormley, and in law a payment by both Barnes and Gormley jointly. This payment, having been made within the six years next after the 6th day of January, 1873, and within the life-time of Gormley, stopped the running and removed the bar of the statute of limitations as to him and his personal representatives since his death.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with directions to that court to render judgment for the plaintiff for the amount of the note in suit, less the payments made thereon.

CASSODAY, J., took no part.