Coleman vs. Ward.

COLEMAN, Appellant, vs. WARD, imp., Respondent.

*May 5 — May 23, 1893.*

*Limitation of actions: Promissory note: Part payment by principal maker: Effect as to surety.*

An action upon a promissory note was barred by limitation unless taken out of the statute by a payment made by the principal maker. Plaintiff was unable to state whether a conversation with a surety,

relied upon to show that the payment was made at the request or by the direction of the latter, took place before or after the payment was made, but his testimony tended to show that it was after. *Held*, that a verdict in favor of the surety was properly directed, under sec. 4248, R. S.

APPEAL from the Circuit Court for *Crawford* County. This is an action on a promissory note given by the defendants to the plaintiff for the sum of $200, the defendant *Ward* having signed the same as surety. The note matured January 13, 1883. Two payments of interest were indorsed on it, the last dated January 10, 1884, and there was an indorsement of payment of $79.35, May 2, 1885. The defendant *Ward* relied on the statute of limitations, and the plaintiff sought to recover on the ground that the note was taken out of the statute by the indorsement of the last payment. This payment was made by the defendant Barrette, and the question was whether the payment was made at the request or by the direction of the defendant *Ward*, so as to take the case out of the statute as to him. It appears that Barrette left the country, and the plaintiff testifies that when he was going away he and the defendant *Ward* met the plaintiff and had an understanding about the note. That *Ward* did not want the note to go out of his hands to make costs on it. "They both said that, and I said I would keep the note and give Barrette a chance to pay it, and not put *Ward* to expense, because he was security. That was the understanding four or five years ago." That *Ward* used to ask him how Barrette was getting along, and how much he was paying him, "and I used to tell him." In reply to a question as to what was said about the payment of $79.35 in the interview above mentioned, he answered, "Well, we knew that." Mr. Webster, as a witness, testified to the note being left with him for collection, and to calling on *Ward* for payment, and he said he was a mere surety and had no

benefit from it; that he asked him if he knew of these pay-
ments, and he answered in the affirmative; that he read
the indorsements to him, and asked him if there had been
any extension of time granted, and he said there had not;
that the plaintiff had told him of the payments, and he had
told him that that was right, and urged him to procure
money as fast as possible from Barrette, but not to sue on
it, to keep the note and not sell it; that he thought Bar-
rette would pay it. The conversations of witness with
*Ward* were about two years after the date of the last in-
dorsement. The action was commenced April 8, 1891.
The plaintiff further testified that he went to *Ward* for
pay on one occasion when he was husking corn; that he
did not know what time it was; that he met him several
times on the road, and used to talk about the note; the
conversations were both before and after the note was
due; that there had been two indorsements upon it at the
time; that he told *Ward* he needed the money, and *Ward*
said he would like it if he would collect it of Henry Bar-
rette; that he thought this was before the last indorse-
ment. He did not go to Barrette after that. The pay-
ments were all made to plaintiff at his house. He thought
the last payment was after the conversation in the field,
and before the last indorsement, as near as he could re-
member. On cross-examination he testified that the inter-
view in the field was after Barrette had gone out of the
state. Being asked in respect to this conversation the
question, "Are you positive whether it was before or after
this last payment?" he answered that it was after the last
payment that he (Barrette) went out of the state; that he
was not certain whether this conversation was before or
after the last payment; that as to whether it was before
or after he could not say; that they had conversations
about it after Barrette had gone away. Plaintiff's counsel
moved the court on the testimony to direct a verdict for

the plaintiff. This motion was overruled, and the court directed a verdict for the defendant *Ward*. Plaintiff appealed.

The cause was submitted for the appellant on the brief of *D. Webster*, and for the respondent on that of *Thomas & Fuller*.

PINNEY, J. The statute is that "if there are two or more joint contractors . . . no one of them shall lose the benefit of the provisions of the statute of limitations, so as to be chargeable, by reason only of any payment made by any other or others of them." R. S. sec. 4248. This action was certainly barred unless taken out of the statute by the payment of $79.35, May 2, 1885, and it was made by and at the direction or request of the defendant *Ward*. The fact that the payment was made by Barrette of his own volition and without the request or direction of *Ward*, is made of no avail by the statute. It seems that if a joint debtor, on being called on for payment, refers the person calling on him to his codebtor for payment, this amounts to a direction to the latter to make payment for him, and if he does so the payment will be held to continue the debt from that date as to both. *Cleveland v. Harrison*, 15 Wis. 670; *National Bank v. Cotton*, 53 Wis. 31. The plaintiff's evidence does not tend to show that the particular payment relied on was made at the request or direction of the defendant *Ward*. The plaintiff, in his testimony, is unable to say whether the conversation between him and *Ward* relied on took place before or after the payment in question was made. He says that the conversation occurred after Barrette had left the state, and his testimony tends to show that the last indorsement was on the note when the interview took place between the plaintiff, Barrette, and defendant, in Prairie du Chien, when Barrette was going away. The evidence was not sufficient to take

the case to the jury on this question, and the direction of a verdict for the defendant was correct.

*By the Court.*— The judgment of the circuit court is affirmed.