GEORGE H. SWEETSER & another, trustees, *vs.* CHARLES JORDAN & another.

Middlesex.     November 12, 1913. — January 9, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Bills and Notes*, Waiver of demand and notice.

An assurance from an indorser of a promissory note to the holder of the note a few days before its maturity, that a note for the same amount and bearing his indorsement will be given in renewal, if relied upon by the holder who in consequence forbears to demand payment from the maker, is a waiver by the

indorser of demand and notice. Affirming on this point a previous decision in the same case reported in 211 Mass. 393, and also affirming it on the point that there was evidence that the son of the indorser had authority to give this assurance in behalf of his father.

BRALEY, J. The defendant not having argued his exceptions relating to the admission and exclusion of evidence and the refusal to give the third request, they are to be treated as waived, leaving for decision the question whether his first request, "that upon all the evidence the jury must find for the defendant," should have been given, or, as stated in the defendant's brief, whether the plaintiffs as matter of law were entitled to a verdict on the record. The defendant is an indorser on the promissory note in suit made by a corporation of which he was the president and his son was the treasurer. It was given as the second renewal of an original note for the same amount in the same form with the same indorsement, and the consideration is admitted. The defense is that, the note not having been duly protested, the indorser was discharged. But this very question was raised when the case was first before us upon the plaintiffs' exceptions after a verdict on this ground had been ordered for the defendant. *Sweetser* v. *Jordan,* 211 Mass. 393. It was then decided, that there was evidence for the jury of a waiver of demand and notice by the defendant, and the case was remanded for a new trial. A review of the evidence introduced at the second trial,* with that offered at the first trial, which in so far as essential is amply referred to and set forth in the former opinion, shows no material change. It was sufficient to warrant the jury in finding that the treasurer was the defendant's agent in all matters concerning the borrowing of money and the giving and renewal of notes. If agency was established, the defendant had assured the holder of the note several days before it matured that a note for the same amount and bearing his indorsement would be given in renewal. This assurance was a waiver of demand and notice, if relied on by the plaintiffs. *Sweetser* v. *Jordan,* 211 Mass. 393, 396. But as the plaintiffs testified that they thought there were three days of grace allowed by law on a promissory note, it is

---

* The second trial was before *Hitchcock,* J. The jury returned a verdict for the plaintiffs; and the defendant alleged exceptions.

suggested that they did not protest the note for that reason, and consequently could not have been induced to forbear by the defendant's statement. The plaintiffs denied having mistakenly waited for the expiration of the days of grace, and whether they did or not was a question of fact for the jury, to whom it was submitted under suitable instructions. By their verdict, the jury have settled adversely to the defendant all the essential questions of fact upon which his liability was decided by the former opinion to depend. The judge properly refused the ruling, and, as the plaintiffs have made out a case for the jury, the exceptions should be overruled. *Malden & Melrose Gas Light Co.* v. *Chandler,* 211 Mass. 226, 229.

*So ordered.*

The case was submitted on briefs.
*E. R. Anderson & G. A. Sweetser,* for the defendant.
*S. K. Hamilton & T. Eaton,* for the plaintiff.