GILLITZER, Respondent, vs. DUCHARME, imp., Appellant.

*December 9, 1930—January 13, 1931.*

The cause was submitted for the appellant on the brief of *Graves & Earll* of Prairie du Chien, and for the respondent on that of *Munson & Curran* of Prairie du Chien.

FRITZ, J. The note in suit became due December 1, 1921, and the only question on this appeal is whether the action was barred as to Ducharme by the six-year statute of limitations. Secs. 330.15, 330.19, Stats. Interest due on December 1st of each year had been paid by Kremer for the years 1918 to 1927, inclusive, but it was contended on behalf of Ducharme that he had not made or authorized those interest payments; and that he had not continued or renewed his obligation by any written promise or acknowledgment.

By a special verdict the jury found that on October 29, 1927, plaintiff, at the request of Ducharme, extended the time of payment of the note for one year in consideration of the defendants agreeing to pay seven per cent. interest. On motions after verdict the trial court held that there was ample evidence to support that finding, but concluded "that the agreement for extension was void because it was not in writing, was not to be performed within one year, and was not based upon an executed consideration." See sec. 330.42, Stats.; *Braasch v. Bonde,* 191 Wis. 414, 211 N. W. 281; *Mair v. Schultz,* 194 Wis. 578, 217 N. W. 328. No question has been raised as to that ruling.

The jury also found that in December, 1925, plaintiff told Ducharme that the interest due on December 1, 1925, had not been paid, and that Ducharme then told plaintiff, in substance, that he would get it pretty soon. That finding was also approved by the trial court. On the other hand, undisputed evidence established that shortly after Ducharme made that statement the interest due on December 1, 1925, was paid by Kremer. The learned circuit judge concluded that the payment made by Kremer under those circumstances suspended the operation of the statute of limitations as to Ducharme, notwithstanding sec. 330.47, Stats., which provides that if there are two or more joint obligors, no one of them shall lose the benefit of the statute of limitations, so as to be chargeable, by reason only of any payment made by any other obligor. It is true that since the enactment of that statute a payment by one obligor does not toll the bar of the statute of limitations as to his co-obligor who did not participate in making the payment, providing the latter did not consent to or acquiesce in the payment. *McLean v. McLean,* 184 Wis. 495, 501, 504, 199 N. W. 459. However,—

". . . if a joint debtor, on being called on for payment, refers the person calling on him to his co-debtor for payment, this amounts to a direction to the latter to make payment for him, and if he does so the payment will be held to

continue the debt from that date as to both. *Cleveland v. Harrison*, 15 Wis. 670; *National Bank of Delavan v. Cotton*, 53 Wis. 31, 9 N. W. 926." *Coleman v. Ward*, 85 Wis. 328, 331, 55 N. W. 695.

In *Cleveland v. Harrison, supra,* Charles Harrison, a coobligor, when called on for payment, told a collector that he had nothing to do with the arrangement, and that it belonged to his brother Caleb. Later, Caleb paid $100 in the absence of Charles. In discussing whether payment by Caleb suspended the running of the statute of limitations as to Charles, Mr. Justice COLE said:

". . . It is claimed by the counsel for the respondent that although this payment and promise were made by Caleb, yet Charles is equally bound by them, by reason of the fact that when applied to for payment he referred the party to his brother Caleb. It is said to be equivalent to an express direction by Charles to the witness, Newcomb Cleveland, to request Caleb to pay that which could have been, and probably would have been but for this direction, collected of him, and therefore that the payment and promise attached to him all their legal effects and consequences. It must be conceded that there is very great strength in this view of the matter, and it seems to be fully supported by *Winchell v. Hicks*, 21 Barb. (N. Y.) 448, and 18 N. Y. 558, which is strictly an analogous case." (Page *676.)

In the case at bar Ducharme's statement that plaintiff would get the interest pretty soon, coupled with the fact that it was paid by Kremer shortly thereafter, fairly admitted of the conclusion that that payment was made at Ducharme's direction. Under the circumstances and the authorities hereinbefore cited, plaintiff had the right to suppose that that payment was made with the understanding and arrangement that all legal effects and consequences of the payment attached to Ducharme. Consequently, the six-year period of the statute of limitations must be computed from the date of that interest payment, and that period had not expired when this action was commenced.

*By the Court.*—Judgment affirmed.