KLINE, Respondent, vs. FRITSCH, imp., Appellant.

*October 11—November 7, 1933.*

52

For the appellant there was a brief by *J. M. Fitzgibbons* of Monroe, attorney, and *Richmond, Jackman, Wilkie & Toebaas* of Madison of counsel, and oral argument by *Mr. Oscar T. Toebaas* and *Mr. Fitzgibbons*.

For the respondent there was a brief by *Harold J. Lamboley* of Monroe, attorney, and *Olin & Butler* of Madison of counsel, and oral argument by *Mr. Byron H. Stebbins* of Madison and *Mr. Lamboley*.

ROSENBERRY, C. J. Sec. 330.47, Wis. Stats., provides as follows:

"If there are two or more joint contractors or joint executors or administrators of any contractor, no one of them shall lose the benefit of the provisions of this chapter (Limi-

tations of Commencement of Actions and Proceedings) so as to be chargeable, by reason only of any payment made by any other or others of them."

It is the contention of the appealing defendant that under the terms of this section the payments made by John F. Fritsch did not operate to toll the statute of limitations which was set up by the appealing defendant, and therefore as to him, the appealing defendant, the cause of action was barred by the six-years statute. J. D. Fritsch was the father of John F. Fritsch and was in fact an accommodation maker. It also appears by admission of the defendant and by the testimony of the son, that the father inquired from time to time, or at least was told from time to time, that the interest on the loan was being paid. It is the contention of the plaintiff, on the other hand, that the clause contained in the note by which the maker agrees to all extensions and partial payments before and after maturity without prejudice to the holder amounts to a consent or authority by each of the makers that payments made by the other should be without prejudice to the holder and so operated to toll the statute.

It is undoubtedly the law that, in the absence of statute, payments made by one co-maker or joint debtor toll the statute of limitations as to both. 71 A. L. R. note p. 399. See, also, *Clement v. Clement,* 69 Wis. 599, 603, 35 N. W. 17; *Coleman v. Ward,* 85 Wis. 328, 331, 55 N. W. 695; *Reinig v. Nelson,* 199 Wis. 482, 488, 227 N. W. 14.

This matter was carefully considered in *Gillitzer v. Ducharme,* 203 Wis. 269, 271, 234 N. W. 503, where it is pointed out that a co-maker who consents to or acquiesces in a payment upon the obligation by his co-debtor, remains bound by the contract. The statute provides that a joint contractor shall not lose the benefit of the chapter by reason *only* of any payment made by any other, etc. The purpose of the statute was no doubt to make the statute operative where payments were made without the consent, acquiescence, or

authority of a co-maker so that the obligation would not be kept alive in that way as against all other joint contractors whether they consented or not.

We come now to a consideration of the language of the note. The appealing defendant argues that an extension which arises by operation of law because of a payment of interest upon the note is not included within the language "agree to all extensions and partial payments," etc. That in the absence of the statute, a payment of interest tolls the statute of limitations both as to the contractor who pays and those who are jointly liable with him, admits of no doubt. Why such an extension does not fall within the language of the clause we are unable to see. No attempt was made to enumerate what kinds of extensions were included. The most general language was used, and it requires no enlargement of the obvious and natural meaning of the language to include within it extensions by operation of law due to payment as well as those made by contract. We conclude both upon reason and authority that the clause in question amounted to a consent to and an acquiescence in the payments made, bound the appealing defendant, and tolled the statute as to both defendants. *State Nat. Bank v. Vickery* (Tex. Comm. App.) 206 S. W. 841. See, also, *Schreiner v. City Nat. Bank,* 76 Okla. 76, 183 Pac. 905; *Jackson v. Home Nat. Bank* (Tex. Civ. App.) 185 S. W. 893. That payment of interest is a payment on the indebtedness which consists of principal and interest, see *Enwright v. Griffith,* 169 Wis. 284, 287, 172 N. W. 156; *Hughes v. Thomas,* 131 Wis. 315, 323, 111 N. W. 474; *Gillitzer v. Ducharme, supra.*

On behalf of the appealing defendant it is further argued that the clause of the note already quoted is one waiving the statute of limitations and may not properly be inserted in the contract creating the liability. We do not deem it necessary to determine the soundness of this proposition in this case.

There was no attempt to waive the statute of limitations. There was a consent to and an acquiescence in extensions arising out of the acts of the appealing defendant's co-maker. The fact that by the contract payments made by his co-maker operated to extend the time when the statute of limitations began to run was not a waiver of the statute of limitations. Under the contract entered into between the parties the bar of the statute has never arisen, therefore the operation of the statute was not waived. All that was done was to enter into an agreement which operated to extend the time when the statute began to run.

It is considered that the trial court correctly held that by the terms of the note the appealing defendant acquiesced in and consented to payments made by its co-maker, which operated to toll the statute.

*By the Court.*—Judgment affirmed.