Bowe, Respondent, vs. La Buy, imp., Appellant.

*March 7—April 3, 1934.*

For the appellant the cause was submitted on the brief of *A. W. Lueck* and *J. L. Skupniewitz,* both of Beaver Dam. *W. C. O'Connell* of Fox Lake, for the respondent.

FAIRCHILD, J.   One cannot be protected against a claim by operation of the statute of limitations where the lapse

of time has occurred because of acts in which the debtor has intentionally participated for the purpose of inducing extension of credit, and which continued the debt as a recognized obligation. *Worden v. Mitchell,* 7 Wis. * 161; *Waterproof P. & B. Co. v. Van Buren,* 182 Wis. 640, 197 N. W. 338; *Weinbergen v. Bartels,* 192 Wis. 539, 213 N. W. 313; *Gillitzer v. Ducharme,* 203 Wis. 269, 234 N. W. 503; *Kline v. Fritsch,* 213 Wis. 51, 250 N. W. 837. This rule is not inconsistent with or affected by sec. 330.47, Stats., which provides that if there are two or more joint contractors, no one of them shall lose the benefit of the limitations fixed by statute so as to be chargeable by reason only of payment made by any other of them.

The evidence in this case discloses an arrangement and understanding on the part of the appellant with the owner of the note which brings into the case facts beyond the mere payment by the joint maker of the note. The object of the statute of limitations is to suppress fraudulent and stale claims springing up at great distances of time, and surprising the parties or their representatives, when all the proper vouchers and evidence are lost, or the facts have become obscure from the lapse of time, or the defective memory, death, or removal of witnesses. 17 R. C. L. p. 664, § 3.

The findings of the court below are that consent to and acquiescence on the part of appellant existed in payments upon the note by his codebtor. The evidence sustaining the material findings shows that when the note was made by appellant and Ledworowsky, appellant arranged with respondent to keep him informed as to payments of interest; that she faithfully followed these instructions, and at least twice a year from the date of the note in 1914 until after Ledworowsky ceased paying interest, reported to appellant the payments upon the note; that payments were authorized and tolled the running of the statute. After the last pay-

ment by Ledworowsky, respondent continued to have conversations with appellant concerning further payments. The learned trial judge says in his opinion:

"Upon the question of consent, in reference to how often during that time after 1914 and up to the time interest stopped in 1929 she talked personally with La Buy, her answer is, 'Every twice a year. He said I didn't;' thus contradicting the statement of La Buy, who, however, admitted that he was not certain. Then further on she says: 'I saw where I could use my money to better advantage. I asked him, the man wasn't paying, and I thought that Ledworowsky could pay on that note because I was afraid.' He said 'No, you don't need to worry.' He said, 'Ledworowsky is a fine fellow and he will pay you the money right at the Beaver Dam State Bank.' "

We are of the opinion that the evidence shows an agreement between the parties that Ledworowsky was to make the payments of interest upon the note for and on behalf of the comakers; that acts under the agreement were participated in by appellant down to 1929; that the payee of the note, the respondent here, was to keep appellant advised of the payments of interest; that she did so and appellant was constantly advised of the state of affairs, of the amount due on the note, and of the payments made to apply upon the interest; that after the failure on the part of Ledworowsky to make further payments in 1929, respondent conferred with appellant, was assured by him that further payments would be made, and that at the time suit was begun the statute of limitations had not run against the obligation of the respondent or his co-obligor on the note.

*By the Court.*—Judgment affirmed.