SCHNEIDER, Respondent, vs. ANDERSON, Appellant.

*February 15—March 15, 1938.*

214

For the appellant there was a brief by *Browne & Browne* of Waupaca, and oral argument by *Tom A. Browne.*

For the respondent there was a brief by *J. Kyle Anderson,* attorney, and *Edward J. Hart* of counsel, both of Waupaca, and oral argument by *Mr. Anderson.*

MARTIN, J.   The facts found by the jury and the findings of the trial court are sustained by the evidence and must stand.   Upon the facts so found, Is respondent entitled to judgment against appellant herein?   The indorsements upon the note are immaterial unless they were authorized by the defendant-appellant.   Appellant contends that Attorney Smith, who represented the estate of Mr. Anderson in the probate proceedings, had no right to indorse payments upon the note after the death of Mr. Anderson.   However, this contention is upon the assumption that the statute of limitations (sec. 330.19) had run during the lifetime of the deceased maker.   The date of payment is the test, not the date when the indorsement was made upon the note.   The last payment of interest was made on December 26, 1927.   Therefore, the note continued as a valid obligation of the makers until December 26, 1933.   It appears from the evidence and findings that the appellant gave Attorney Smith the information as to the dates on which the interest payments were made.   It was proper that he indorsed payments upon the note before filing same with the county court against Mr. Anderson's estate.   Mr. Anderson died January 25, 1931. Appellant was appointed administratrix of the estate and served in such capacity until May, 1933, at which time she apparently resigned, and Mr. Harold Peterson was appointed administrator and continued to act as such until the estate was closed in July, 1936.   Respondent made and filed

her proof of claim against the estate on April 8, 1931. On July 17, 1936, the estate paid respondent "first and final dividend," the sum of $712.71. This amount has been credited upon the note in suit. Appellant contends that the indorsement of interest payments upon the note comes within the condemnation of sec. 330.46, Stats., which provides:

*"Payment, effect of, not altered.* Nothing contained in sections 330.42 to 330.45 shall alter, take away or lessen the effect of a payment of any principal or interest made by any person, but no indorsement or memorandum of any such payment, written or made upon any promissory note, bill of exchange or other writing, by or on behalf of the party to whom such payment shall be made or purport to be made, shall be deemed sufficient proof of the payment so as to take the case out of the operation of the provisions of this chapter."

This statute has no application to the facts in the instant case. The interest indorsements were not made "by or on behalf of the party to whom such payment shall be made or purport to be made. . . ." The interest indorsements were made by the attorney for the estate, at the direction and with the authorization of the appellant. For that reason the statute quoted does not apply. It should be noted that in cases where the statute does apply, it simply means that such indorsement or memorandum shall not be deemed sufficient proof of the payment so as to take the case out of the operation of the provisions of ch. 330, Stats. That is, the fact of payment in cases where the statute does apply must be established by additional evidence. In the instant case, the trial court has found that the interest payments were made in the presence and with the approval of Mrs. Anderson. She directed respondent to file a claim for the amount due upon the note against the estate. She frequently admitted her obligation on the note, and told plaintiff that it would be paid. Appellant further contends that there was no affirmative act on the part of the defendant-appellant depriving her

of the benefits of secs. 330.47, 330.42, and 330.46, Stats. We have made reference above to appellant's contention so far as sec. 330.46 is concerned. Sec. 330.42, Stats., provides:

"*Acknowledgment or new promise.* No acknowledgment or promise shall be sufficient evidence of a new or continuing contract, whereby to take the cause out of the operation of this chapter, unless the same be contained in some writing signed by the party to be charged thereby."

In view of the findings this statute has no application. Sec. 330.47, Stats., provides:

"*Payment by one not to affect others.* If there are two or more joint contractors or joint executors or administrators of any contractor no one of them shall lose the benefit of the provisions of this chapter, so as to be chargeable, by reason *only* of any payment made by any other or others of them."

In *Kline v. Fritsch,* 213 Wis. 51, 53, 250 N. W. 837, the court said:

"The purpose of the statute [section 330.47] was no doubt to make the statute operative where payments were made without the consent, acquiescence, or authority of a comaker so that the obligation would not be kept alive in that way as against all other joint contractors *whether they consented or not.*"

It is held in this case, upon the authority of *Gillitzer v. Ducharme,* 203 Wis. 269, 271, 234 N. W. 503, that a comaker who consents to or acquiesces in a payment upon the obligation by his codebtor, remains bound by the contract. There the court said (p. 270):

"If a joint debtor, on being called on for payment, refers the person calling on him to his codebtor for payment, this amounts to a direction to the latter to make payment for him, and if he does so the payment will be held to continue the debt from that date as to both." *Cleveland v. Harrison,* 15 Wis. *670; *National Bank of Delavan v. Cotton,* 53 Wis.

31, 9 N. W. 926; *Accola v. Giese,* 223 Wis. 431, 433, 271 N. W. 19.

"The object of the statute of limitations is to suppress fraudulent and stale claims springing up at great distances of time, and surprising the parties or their representatives, when all the proper vouchers and evidence are lost, or the facts have become obscure from the lapse of time, or the defective memory, death, or removal of witnesses. . . . One cannot be protected against a claim by operation of the statute of limitations where the lapse of time has occurred because of acts in which the debtor has intentionally participated for the purpose of inducing extension of credit, and which continued the debt as a recognized obligation. *Worden v. Mitchell,* 7 Wis. *161; *Waterproof P. & B. Co. v. Van Buren,* 182 Wis. 640, 197 N. W. 338; *Weinbergen v. Bartels,* 192 Wis. 539, 213 N. W. 313; *Gillitzer v. Ducharme,* 203 Wis. 269, 234 N. W. 503; *Kline v. Fritsch,* 213 Wis. 51, 250 N. W. 837. This rule is not inconsistent with or affected by sec. 330.47, Stats. . . ." *Bowe v. La Buy,* 215 Wis. 1–3, 253 N. W. 791.

Upon the facts found, under the foregoing authorities, the several payments indicated tolled the statute of limitations.

*By the Court.*—Judgment affirmed.