No. 1449.—CYRUS W. FIELD & Co. *v.* NEW ORLEANS DELTA NEWSPAPER COMPANY.

The holder of negotiable paper must, in order to bind the indorser, give notice of non-payment by the maker in conformity with the rules prescribed by the law merchant.

The doctrine on which the necessity of notice to the indorser rests, is the presumption of damage or injury in his favor.

Whoever is entitled to a recourse over against another party, is presumed in law to be injured by a delay in receiving notice of non-payment.

APPEAL from the Second District Court of New Orleans, *Thomas*, J. *W. W. Handlin*, for appellants. *H. J. Leovy*, for self and D. Da Ponte, *Rozier and Buchanan & Gilmore*, for Mrs. Bonford, appellees.

HOWELL, J. As stated by counsel for plaintiffs and appellants, the only question presented on this appeal is: Are the members of the New Orleans Delta Newspaper Company, who indorsed the notes sued on, liable without notice of dishonor?

The notes are made by H. J. Leovy, business manager, to his own order and indorsed by him individually and before delivery to plaintiffs, the first holders, by D. Da Ponte and P. E. Bonford, all three of whom were members of the company.

It is urged by plaintiffs that these parties are mere sureties, and not entitled to notice, and in support of this position they rely on a doctrine in the case of Crane, executor, *v.* Trudeau, 19 A. 308, in the following words:

"In relation to third persons and *bona fide* holders, the obligations of accommodation indorsers are coextensive with those of indorsers of business paper. *It would be different if the transferee of a note indorsed gets it from the maker. In such a case the indorser would be a surety.*"

The latter doctrine, not being essential to the decision in that case, may be regarded as *obiter;* but whether a correct law or not, it cannot apply in this case, when the note is duly *indorsed* by the payee (who is not the holder), and the subsequent indorsers thus making it, on its face, commercial paper, and the evidence shows that the defendants intended to bind themselves as *accommodation indorsers*, and it seems to be settled here, at least since the case of Weaver v. Murrell, 12 A. 517, that although they may, in some sense, be sureties, they are entitled to notice. We must view them as accommodation indorsers, whose liability *depends* on the rules applicable to negotiable instruments in general, and consequently the holder must take the steps necessary to bind any indorser of business paper according to the law merchant. They were parties to the notes when received by the plaintiffs. See Story on Notes, §§ 134, 263, 288, 292, 295, 367, 479, 480; 6 N. S. 517; 12 R. 183; 10 A. 98; 12 A. 517; 14 A. 305; 16 A. 108.

In the case of Keeler v. Bartine, 12 Wendell 118, it is said that "the circumstances that the indorser is an accommodation indorser adds cogency to the considerations in favor of strict notice of the default."

The doctrine on which the necessity of notice rests seems to be the presumption of damage or prejudice in favor of the indorser, who is entitled to a recourse over against another party. In other words, whoever is entitled to a recourse over against another party is presumed in law to be injured by a delay in receiving knowledge of non-payment—is therefore entitled to prompt notice. Chitty on Bills 435.

In this case the indorsers, if notified in due time, may have secured themselves against, or obtained payment from the maker.

The plaintiffs contend, however, that the New Orleans Delta Newspaper Company was a mere private partnership, and its members not being permitted to plead ignorance of their own affairs, must be held to know that the notes were not paid, that the maker knew it, and notice to one was notice to all.

The reply to this is that plaintiffs have introduced in evidence the *charter*, which shows that none of the stockholders had any control of, or anything to do with the business, except Leovy, the business manager, and that knowledge is not necessarily notice. The notes were made payable at the Canal Bank, and although Leovy, as business manager, may have known that they were not paid, he did not, therefore, know, without legal notice from the holder or other proper party, that he would be looked to for payment as indorser. See 1 Parson on Notes and Bills 521, 525, 526 and 629.

The judgment was correctly rendered in favor of the indorsers.

It is therefore ordered that the judgment appealed from be affirmed with costs.

Rehearing refused.