## Erb *versus* Commonwealth, ex rel. Morley.

1. The term of an alderman would have expired in November 1878, but by the 26th section of the schedule of the constitution, he was continued in office until his successor was duly qualified. Article 8, sect. 3 of the constitution, provides that all elections for ward officers shall be held on the third Tuesday of February. The Act of March 22d 1877, passed in pursuance of this constitutional provision, declares that aldermen whose terms of office under existing laws expire prior to the first Monday of May, shall continue in office from the date at which said term would otherwise expire until the first Monday of May next ensuing thereto. *Held*, that the term of the above aldermen was extended to the first Monday of May 1879, and that an election for a successor held in February 1878, was illegal and void.

2. No power was given to the legislature to abridge the term for which the alderman had been elected, yet by its failure to provide that his successor should be elected and qualified at the expiration of that term, it was thereby extended by virtue of the constitution.

October 7th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

Error to the Court of Common Pleas of *Dauphin county :* Of May Term 1879, No. 219. Certified from the Middle District.

Quo warranto by the Commonwealth, at the relation of H. P. Morley, to show by what authority A. P. Erb held and exercised the office of alderman of the Sixth ward of the city of Harrisburg.

In his petition the relator averred that William C. McFadden was commissioned to serve as alderman in said ward for five years, from Nov. 7th 1873 ; that by the 26th sect. of the schedule of the constitution, and pursuant to the provisions of the Act of March 22d 1877, Pamph. L. 12, relative to the election of aldermen, &c., and "fixing the times for the expiration of their offices," and which provides that on the third Tuesday of February of each year an election shall be held for aldermen, in such cases only where the term of the commission of any alderman may expire on or before the first Monday of May following such election, no valid or legal election for alderman of said Sixth ward could be held until the third Tuesday of February 1879; that the person then elected would become qualified as the successor of said McFadden, pursuant to the provisions of the said act, on the first Monday of May succeeding such election, to wit: on Monday, the 5th of May 1879, to which time said McFadden is the only legal alderman of said ward, pursuant to his said commission, the Act of Assembly of March 22d 1877, and the said twenty-sixth section of the schedule of the constitution.

That at the regular election for alderman for said ward, held on the 18th of Feb., being the third Tuesday of Feb. 1879, relator was elected alderman for said ward, to succeed said McFadden, and having obtained the certificate of his said election, and filed his acceptance thereof as provided by law, he has received from the governor his commission as alderman of said ward, for the

[Erb *v.* Commonwealth.]

term of five years, to be computed from the said first Monday of May 1879, and has been duly qualified and given his official bond.

Yet, notwithstanding the premises, the said Erb has for the time aforesaid exercised and still does exercise the franchises, privileges and office of alderman of the Sixth ward, claiming the right so to do, by reason of a pretended election to said office held on the third Tuesday of February 1878, at which time there was no vacancy in said office, and said pretended election of said Erb was "absolutely void" and conferred no authority, and said Erb usurps and unlawfully holds said office, &c.

The respondent answered that the term of McFadden expired absolutely on the 7th of November 1878; that in pursuance of sect. 3, art. 8, of the constitution, an election for a successor to said McFadden was held on the third Tuesday of February 1878, and that respondent was duly elected; that in accordance therewith he was commissioned by the governor for five years from November 7th 1878, and that he has been duly qualified and is in lawful possession of said office.

The court granted a rule to show cause, which they afterwards made absolute, and awarded the quo warranto, Henderson, J., in an opinion adopting the ruling of Pearson, P. J., in Price *v.* Battes (MSS., Dauphin county.)

The respondent demurred to the petition, and after joinder the court entered judgment of ouster against the respondent, and decreed that the relator was entitled to the office. The respondent took this writ, and alleged that the court erred in this action.

*Theodore K. Long* and *Wallace Dewitt*, for plaintiff in error.— February 1878 was the proper time to elect a successor to McFadden, and not February 1879. Erb having been elected at that time, his election was regular, and entitled him to enjoy the rights and privileges of said office: New Constitution, sect. 13, art. 3, sect. 3, art. 8, and sect. 26 of schedule; Act 22d March 1877, Pamph. L. 12, sect. 1; Brooke *v.* Commonwealth, 5 Norris 163.

The constitution never intended to interfere with the tenure of aldermen in office at the time of its adoption, either by extension or diminution of the same. It proposed to bring about the change from the old to the new order of things by subsequent legislation, which was provided in the Act of 1877.

*J. M. Wiestling*, for defendant in error.—Two objects are apparent in the Act of 1877. The one was to designate the time for the terms of aldermen to begin, and as to that, it is distinctly provided that the terms of office of all aldermen shall "be computed from the first Monday of May succeeding the election." The other object was to indicate and provide for the particular year for hold-

[Erb *v.* Commonwealth.]

ing the election, having reference, in so doing, to the time of the expiration of the term of the commission of the alderman incumbent, and the time from which the commission of the one to be elected is to be computed; and the intention of the legislature as to this object is as clearly and plainly indicated as to the other.

It is manifest that the act contemplates the election of an alderman only in cases where the term of the alderman already in commission expires on or before the first Monday of May following the election of his successor, and when the latter can be commissioned from that date, without, of course, violating the provisions of the Acts of Assembly limiting a ward to one alderman. Under no other circumstances can an alderman be legally or validly elected.

Mr. Justice MERCUR delivered the opinion of the court, October 20th 1879.

This contention is between persons each claiming to be the successor of McFadden as alderman of the Sixth ward of the city of Harrisburg. He was duly elected in October 1873, and had been commissioned for five years from the 7th of November following. He was therefore holding the office when the constitution of 1874 went into operation. The twenty-sixth section of the schedule declares "all persons in office in this Commonwealth at the time of the adoption of this constitution, and at the first election under it, shall hold their respective offices until the term for which they have been elected or appointed shall expire, and until their successors shall be duly qualified, unless otherwise provided in this constitution." There was no provision therein shortening the term of aldermen then in office. The term for which McFadden had been elected did not expire until November 1878. His right to hold the office continued not only until that time; but also until his successor was duly qualified.

Art. 3, sect. 13 of the constitution declares that *no law* shall extend the term of any public officer after his election or appointment; but this does not make inoperative the sixth section of the schedule. No power was given to the legislature to abridge the term for which McFadden had been elected, yet by its failure to provide that his successor should be elected and qualified at the expiration of that term, it was thereby extended by virtue of the constitution.

Art. 8, sect. 3 of the constitution declares that all elections for city, ward, borough and township officers for regular terms of service, shall be held on the third Tuesday of February. Recognising this constitutional provision the Act of 22d March 1877, Pamph. L. 12, was passed. Two main purposes are therein expressed; one to designate the time when the term of office of those thus elected should commence; the other that it should not

[Erb *v.* Commonwealth.]

be very long after the election. Hence the 1st section declares that aldermen or justices of the peace thus elected, whose term of office under existing laws expire prior to the first Monday of May, shall continue in office from the date at which said term would otherwise expire, until the first Monday of May next ensuing thereto. The second section makes it the duty of the constable of the proper ward, district, borough or township to give at least twenty days notice preceding the election to be held in February of each year of the expiration of the term of the commission of any alderman or justice of the peace that may expire on or before the first Monday of May following. Section four declares the governor shall issue commissions to each person so elected alderman or justice of the peace, for the term of five years, to be computed from the first Monday in May succeeding the election.

Thus it appears the constable is authorized to give notice of an election under this act, to be held in February, in those cases only where the commission of the alderman or justice of the peace expires on or before the first Monday of May following. As McFadden's term did not expire as soon as May 1878, it follows that the notice could not be given for the election of his successsor in February previous. Still further, when an alderman or justice of the peace is duly elected the act requires the governor to commission him for five years from the first Monday of May succeeding his election. As McFadden's term confessedly continued long after May 1878, it is manifest that the governor could not issue a commission to a successor for a term to be computed from that time.

It therefore follows that the clear intent of the act was to declare that McFadden should hold the office until the first Monday of May 1879, and the election of his successor should be held in February previous.

This conclusion is not in conflict with the rulings in Brooke *v.* Commonwealth ex rel. Jenkins, 5 Norris 163, but so far as they are applicable, in entire harmony therewith.

Neither the election held in February 1878, under which Erb claims, nor the commission to him professing to take effect from the 7th of November following, was authorized by law. The learned judge was therefore entirely correct in entering judgment in favor of the relator on the demurrer.

　　　　　　　　　　　　　　　Judgment affirmed.