## LUCKENBACH v. McDONALD.

### SAME v. KUNZIG.

(Circuit Court, E. D. Pennsylvania. October 9, 1908.)

Nos. 62, 63.

1. BILLS AND NOTES — LIABILITY OF INDORSER — PRESENTMENT AND NOTICE OF NONPAYMENT.

Defendants were respectively president and secretary of a corporation, and also directors' and large stockholders. The corporation had no assets whatever from which it could realize money, but was engaged in the execution of two contracts which defendants regarded as valuable. For the purpose of continuing with performance of the contracts they borrow-

ed money from plaintiff's testator, giving a note, which they signed on behalf of the corporation, and also, with another director, indorsed individually. When the note matured the company had no money with which to pay it, as defendants as its executive officers knew. *Held*, that under Negotiable Instrument Act Pa. May 16, 1901 (P. L. 206) § 80, which provides that "presentment for payment is not required in order to charge an indorser where the instrument was made or accepted for his accommodation and he had no reason to expect that the instrument will be paid if presented," and section 115 (P. L. 209), which provides that "notice of dishonor is not required to be given to an indorser * * * (3) where the instrument was made or accepted for his accommodation," the holder of the note was not required to present it to defendants for payment by the company, nor to give them an unnecessary notice of its dishonor, in order to hold them as indorsers.

**2.** ALTERATION OF INSTRUMENTS—EFFECT.

An alteration made in a note after it was signed by an indorser, but before its delivery, by or with the consent of the agent of such indorser, authorized to act for him in the transaction, does not release him from liability.

At Law. On motion for judgment non obstante veredicto and for a new trial.

Charles Biddle, for plaintiff.

Thomas McConnell, Jr., J. Henry Williams, and John G. Johnson, for defendants.

HOLLAND, District Judge. This suit is brought by the executor of the payee of a note for $10,000, dated July 2, 1903, payable four months after date, to the order of the testator, at Philadelphia, with interest, against the defendants as indorsers. The note is as follows:

"$10,000. Philadelphia, Pa., July 2, 1903.

"Four months after date I promise to order to the order of Lewis Luckenbach ten thousand dollars, at 1336 Beach St., Philadelphia, without defalcation, for value received. Holden Regealed Ice & Machine Co.,

"Henry J. Kunzig, Prest.
"Frank J. McDonald, Secy."

Said note was indorsed as follows:

"Henry J. Kunzig.
"Frank J. McDonald.
"Sommers J. Smith."

At the trial of the case the uncontradictory evidence disclosed the facts that the ice machine company had no assets whatever with which to meet its indebtedness, and that it was engaged at the time in the execution of two contracts which were considered valuable. The board of directors consisted of Henry J. Kunzig, Frank J. McDonald, Sommers J. Smith, and Franklin S. Horn. All these men were large stockholders, very much interested in the completion of the contract. They found it necessary to borrow money to continue the work, and Lewis A. Luckenbach was appealed to for aid. He loaned them $10,000, taking the company's note, with the understanding that Kunzig, McDonald, and Smith should indorse the same, which they did. The note was executed without authority of the board of directors, and signed by Kunzig as president and McDonald as secretary. McDonald never met Luckenbach, but was represented by Kunzig, who transact-

ed the matter and secured the loan, went to New York, received the check and the note from Mr. Luckenbach, brought them to Philadelphia, where the note was executed by Kunzig as president and McDonald as secretary, and indorsed by Kunzig, McDonald, and Smith, in accordance with the arrangement made by Kunzig. Kunzig, McDonald, and Smith were the three active directors and conducted the business of the company. The company had no other assets whatever, excepting the patents, upon which they could not realize, and the consideration for the contracts which were being executed by Kunzig, McDonald, and Smith with the money borrowed from Luckenbach. When the note came due the indorsers were aware of the fact that there were no funds to pay the note, as they were the parties who were superintending the work of the company. It was not presented for payment, nor was there formal notice given either to Kunzig, McDonald, or Smith of its dishonor. The plaintiff claimed at the trial of the case that he was not required to present the same for payment, nor give notice to the indorsers, to enable him to recover.

The court directed the jury to render a verdict in favor of the plaintiff, first, because the note was made for the benefit of the indorsers; and, secondly, they were officers of the particular institution that was to pay it when it came due, and to whom it had to be presented for payment, and who knew all about it. They knew there were no funds to pay it, and had all the knowledge that could have been given to them by a protest in the regular way. The court having refused to direct a verdict in favor of the defendants, in accordance with their motion, all the evidence taken at the trial was duly certified and filed as part of the record, and the defendants in due time moved the court for judgment non obstante veredicto.

At the argument on this motion it was urged that under the negotiable instrument act of Pennsylvania of May 16, 1901 (P. L. 206), the defendants could only be held as indorsers under section 63 of the act, which provides:

"A person placing his signature upon the instrument other than as maker, drawer or acceptor, is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to be found in some other capacity."

If there was no other evidence in the case except the note itself, with these defendants appearing as they do upon the back of the note as indorsers, of course, this section would apply, and they could not be held in any other capacity. It would then have been necessary for the plaintiff to prove presentment and notice. But this section has no application, because the uncontradicted evidence, aside from the note, shows that the case falls within sections 80 and 115 of the negotiable instrument act. It is provided in section 80 that:

"Presentment for payment is not required in order to charge an indorser where the instrument was made or accepted for his accommodation, and he had no reason to expect that the instrument will be paid if presented."

And section 115 provides that:

"Notice of dishonor is not required to be given to an indorser in either the following cases: * * * (2) Where the indorser is the person to whom the

instrument is presented for payment; (3) where the instrument was made or accepted for his accommodation."

The evidence shows that the indorsers were the real parties in the transaction, and the name of the ice company was only used for the purpose of carrying out the transaction between the indorsers and the lender. The plaintiff, if he had endeavored to present the note at maturity, would necessarily have presented it to either Kunzig or McDonald. These men knew there were no other parties who could pay the note but themselves in any capacity, and they had all the information which they could have received if every formality required by the law had been complied with. For these reasons the motion for judgment non obstante veredicto is overruled.

There are also motions and reasons for a new trial in both cases, and as to Kunzig the reasons are (1) that the court erred in refusing to affirm the point submitted by the defendant, viz., that under all the evidence the verdict must be for the defendant; (2) that the court erred in directing a verdict for plaintiff. The same reasons are filed in the motion for a new trial in the case against McDonald, and as to the latter an additional reason is urged that the court erred in refusing to permit the defendant (McDonald) to file an affidavit of defense nunc pro tunc, stating that the note sued upon had been altered by the addition of the words "with interest" after its execution and delivery, and that it was indorsed and delivered by him without his knowledge or consent, and that this fact became known to him only at the trial of the cause. The fact was disclosed when the first witness was called, and this motion to amend was not made until the close of the trial of the case.

The evidence showed that Kunzig represented himself, McDonald, and Smith in negotiating the loan from Luckenbach. Kunzig went to New York for the money, received the check and the note, brought it to Philadelphia, placed the check in the treasury of the company, and returned personally with the note after it had been indorsed by himself, McDonald, and Smith. He was their representative, and was authorized to return the security which he agreed with Luckenbach should be executed in his favor to guarantee the loan. It was put in his possession for that purpose, and he represented the other defendants in the alteration as much as he represented himself. Robertson v. Hay, 91 Pa. 242. So that, as the amendment could not have changed the result if allowed, the defendant was not hurt by the ruling of the court.

The motion for a new trial is therefore overruled, and the other reasons for a new trial in both cases are overruled, for the reasons given on the motion for judgment non obstante veredicto.