## WESTINGHOUSE ELECTRIC AND MANUFACTURING COMPANY, Respondent, v. R. W. HODGE, Appellant.

### Kansas City Court of Appeals, June 13, 1914.

1. **BILLS AND NOTES: Indorser: Notice of Protest.** The plaintiff sued to recover against the defendant as the indorser of four negotiable promissory notes. On March 17, 1909, the defendant as president of the Hodge Electric & Manufacturing Company executed these notes to secure an indebtedness to plaintiff, and afterwards personally endorsed and delivered them to plaintiff. Later the Hodge Electric & Manufacturing Company went through bankruptcy and the amount of the notes was proved up against its estate and plaintiff received 24¼ per cent of its claim. The defendant now contends that notice of protest was not properly given him. *Held*, that defendant, being the person to whom these notes were presented for payment, had actual notice of their dishonor and was entitled to no other.

2. ———: ———: ———. Sec. 10085, R. S. 1909, provides that notice of dishonor is not required to be given to an endorser where the endorser is the person to whom the instrument is presented for payment. Under this statute, the purpose of giving notice is fully served when the endorser has actual knowledge of the dishonor and the law does not require the doing of a vain and useless act.

Appeal from Jackson Circuit Court.—*Hon. Thos. J. Seehorn*, Judge.

AFFIRMED.

*Kinley & Kinley* for appellant.

*Lathrop, Morrow, Fox & Moore* for respondent.

JOHNSON, J.—This is an action against the indorser of four negotiable promissory notes. A jury was waived and after hearing the evidence the court

rendered judgment for plaintiff as prayed in the petition and defendant appealed.

On March 17, 1909, the Hodge Electric & Manufacturing Company, a corporation doing business in Kansas City, settled an indebtedness of $5000 to plaintiff by executing and delivering to defendant, its president, seven promissory notes, four of which were for $500 each, and three for $1000 each. Defendant immediately indorsed and delivered them to plaintiff. All of the notes were dated March 18, 1909, and respectively matured in one, two, three, four, five, six and seven months after date, the last to mature being the three larger notes. All bore interest from date at the rate of six per cent. per annum and were alike in terms except the note for $1000 maturing August 18, 1909, (sued upon in the second count of the petition) upon which the indorser waived notice and protest. The notes all were signed "Hodge Electric & Mfg. Co., by R. W. Hodge, Pres."

Contemporaneously with the execution and delivery of these notes, the Hodge Electric and Manufacturing Company, by the hand of defendant, its president, executed and delivered to plaintiff its written agreement which, in consideration of the acceptance of the notes by plaintiff in settlement of the indebtedness provided "that if default shall be made in the payment of any of said notes upon maturity, that the remaining outstanding notes shall immediately become due and payable, notwithstanding anything to the contrary in said notes expressed." The first three notes to mature were paid but the last note of $500, which matured July 18, 1909, was not paid and was protested for nonpayment. Defendant contends that notice of protest was not properly given him, but in the view we take of the case it will not be necessary to go into that subject and we shall assume, for argument, that no legal notice was given him. $250 was paid on this note on August 9, and $125 on September 14, 1909.

None of the three notes of $1000 each, which matured respectively August 18, September 18, and October 18, was paid nor was any of them protested on July 18, when under the provisions of the written agreement they became due by the default in the payment of the $500 note maturing on that date.

On March 9, 1910, the Hodge Electric and Manufacturing Company was adjudged a bankrupt and these unpaid notes, together with an open account of $437.15 were proved by plaintiff as a demand against the estate and allowed in the gross sum of $3764. Dividends amounting in all to 24½ per cent. were paid and applied *pro rata* on the notes and account. During the trial this method of applying the proceeds was questioned but was sustained in the judgment rendered and no point is made of it on appeal.

Findings of fact and conclusions of law were filed by the court in which it was found that the note of $500, maturing July 18, 1909, "was duly protested for nonpayment and notice thereof was served upon the defendant and that he had actual notice of the nonpayment and dishonor of the whole indebtedness."

Defendant argues there is nothing in the record to show that he had actual notice of the dishonor of the first unpaid notes or that he "had any connection with said corporation after the date he signed them as president." It is conceded defendant was president of the company at the time he executed the notes on its behalf and as such was its chief executive officer upon whom creditors of the corporation would make formal presentation of their demands for payment. A proved condition or status is presumed to have continued in the absence of proof to the contrary and we hold the finding of the court that defendant had actual notice of dishonor is supported by substantial evidence, since defendant is the person to whom the note was presented for payment. The Negotiable Instruments Act provides (sec. 10085, Rev. Stat. 1909) that notice of

dishonor is not required to be given to an indorser "where the indorser is the person to whom the instrument is presented for payment." The purpose of giving notice is fully served when the indorser has actual knowledge of the dishonor and the law does not require the doing of a vain and useless act. Defendant was not entitled to formal notice of the dishonor of any of the notes and it is immaterial whether the three notes of $1000 each matured according to the terms expressed on their faces or on the date of their first default as provided in the contemporary contract. In either case defendant, being the person to whom they were presented for payment, had actual notice of their dishonor and was entitled to no other.

The judgment is affirmed. All concur.