WATERPROOF PAPER & BOARD COMPANY, Appellant, vs.
VAN BUREN, Respondent.

*January 16—February 12, 1924.*

*Bills and notes: Presentment and notice of dishonor: When necessary: President indorsing corporation note: Attorneys: Agency to bind client.*

1. Where plaintiff joined with certain creditors of a corporation, of which defendant was president and a majority stockholder, in a composition agreement on condition that defendant, who had indorsed the debtor company's note, should not be released as to liability on his indorsement, and such agreement had been made through defendant's attorney, thereby securing to defendant a settlement of the affairs of the corporation on terms beneficial to him, defendant could not claim that the attorney was not his agent, he having at least implied authority to act for the defendant.    p. 644.

2. It appearing that the president of the corporation knew of its insolvency and that it could not pay the note, presentment to him and notice of dishonor was unnecessary, since it could add nothing to his knowledge.    p. 645.

APPEAL from a judgment of the superior court of Douglas county: SOLON L. PERRIN, Judge. *Reversed.*

The appeal is from a judgment dismissing the complaint.

This is an action on a promissory note given by the Crescent Baking Company, a corporation, to the plaintiff and indorsed by the defendant. The Crescent Baking Com-

pany became insolvent after the giving of the note, and entered into a composition agreement with its creditors, which the plaintiff signed, thereby releasing the corporation.

The defendant, *Van Buren,* was president of the Crescent Baking Company and held a majority of its stock. At the time the corporation became involved with its creditors the defendant employed one L. H. Dow, an attorney of Duluth, to adjust its matters, and gave him general authority to act for the corporation with its creditors. Dow later acted for most of the creditors as well as for the corporation. The winding-up proceedings started about July 1, 1921, and continued for some time. Prior to the insolvency of the corporation, and on February 1, 1921, the note herein sued on was given to the plaintiff. Prior to that time the plaintiff had sued the corporation and garnished its bank account. A note was given in settlement of the claim and indorsed by the defendant, to secure a release of the garnishee proceedings.

There were approximately eighty-three creditors in the composition agreement, and at a meeting of the creditors, called by Dow for the purpose of securing the composition, the plaintiff was represented by its attorney, J. G. Nye, the plaintiff corporation being located at Cincinnati, Ohio. At that meeting of the creditors Mr. Nye expressed a willingness on behalf of his clients to enter into the composition agreement so far as the corporation was concerned, reserving the liability of the defendant as an indorser of the note. Mr. Dow agreed to and did report this matter to the defendant and thereupon reported back to Mr. Nye that the defendant would execute a new note for the balance due, but would have to have a considerable extension of time in which to pay the same, and suggested January 1, 1922. This was communicated by Mr. Nye to his clients at Cincinnati, who thereupon agreed to the proposition and signed the composition agreement, which it forwarded to its attorney,

Mr. Nye, at Duluth, with a letter of instruction which read in part as follows:

"You are to agree, in our name, to accept settlement for our claim of $1,088.53 in the following manner:

"15¢ on the dollar in cash.

"51¢ on the dollar in preferred stock.

"*Mr. Van Buren's* personal note for the balance, which note shall include interest on the total amount of our claim, in accordance with the original note.

"If the exact provisions of the preferred stock referred to have not as yet been settled, we suggest that you endeavor to have the Flour State Baking Company make this cumulative as to dividends.

"We are handing you herewith the note in question of the Crescent Baking Company for $1,088.53, dated February 1, 1921, payable August 1, 1921, with interest at six per cent., the same having *Mr. F. Van Buren's* personal indorsement, and indorsed by us to you. This will facilitate your handling of the matter."

Carrying out his instruction, Mr. Nye, in a letter addressed to Attorney Dow, said:

"We are herewith inclosing duplicate of agreement between the Crescent Baking Company, Lawrence H. Dow, and various creditors of said Crescent Baking Company, which has been duly executed by the *Waterproof Paper & Board Company.*

"We understand that this agreement is signed by our clients with the understanding that when it is determined the pro rate amount, both in cash and in preferred stock of the Purity Baking Company, that will be divided among the creditors, that *Fred Van Buren* is individually to execute a note for the balance then found to be due the *Waterproof Paper & Board Company,* including interest on the present note, which new note is to be payable on or before January 1, 1922. As soon as distribution has been made and the new note executed, we shall then be pleased to surrender the old note, the amount of which is $1,088.53, and which is dated February 1, 1921, and is payable on or before August 1, 1921, and which bears *Mr. Van Buren's* personal indorsement."

At the trial of this case the plaintiff claimed that Dow was the agent of the corporation in reference to the negotiations for composition and settlement of the affairs of the corporation, and for *Mr. Van Buren* personally. The defendant claimed that Dow was not his personal agent but was merely the agent of the corporation, and had no authority from the defendant to act for him. The court held with the defendant and dismissed the action, and the plaintiff appealed.

The plaintiff assigns as errors: the court's rulings in striking out evidence, in refusing to receive evidence, in directing a verdict, in refusing to grant judgment for the plaintiff, in refusing to submit the matter to a jury, and in holding that there was no waiver of presentment and notice of nonpayment of the note, and that the defendant was discharged on his note.

The case as presented turns chiefly on two questions: First, was there sufficient evidence to establish the fact that Dow was the agent for the defendant? and second, was presentment and notice to the defendant of nonpayment of the note necessary?

For the appellant there was a brief by *Pickering & Rieser* of Superior, attorneys, and *Washburn, Bailey & Mitchell* and *James G. Nye,* of counsel, all of Duluth, and oral argument by *Robert M. Rieser.*

For the respondent there was a brief by *Powell & Sprowls* of Superior, and oral argument by *John S. Sprowls.*

CROWNHART, J.   A careful review of the testimony leads to the conclusion that the evidence submitted is conclusive on the question of the agency of Dow. The defendant was president of the corporation, was its majority stockholder, was himself a creditor, and was personally anxious that the affairs of the corporation be composed. The plaintiff had begun an action in garnishment against the corporation before it became insolvent, and had released the garnishee

proceedings on the strength of the defendant having personally indorsed the corporation's note for the amount due to the plaintiff. It thereby had the preference over unsecured creditors, which it naturally would not surrender under ordinary conditions. It appears perfectly plain in the composition proceedings that the plaintiff had no intention of surrendering that claim, and it became a party to the composition proceedings on the express condition that the defendant was to remain liable on his indorsement. That express condition was conveyed in writing to Mr. Dow, who had charge of the proceedings. The attorney for the plaintiff, Mr. Nye, had no authority to bind his client to any other condition than that submitted to him in writing, and he did not attempt to bind his client to any other condition. It appears from the evidence that Dow generally represented the creditors as well as the corporation; that in so doing he took up matters of progress with the defendant, *Van Buren,* from time to time, and that he did communicate to *Van Buren* the position taken by the plaintiff at the meeting of the creditors. It appears that the defendant, *Van Buren,* did discuss the matter with Mr. Dow, and did say to him that he would have to have an extension of time in which to pay the plaintiff, and that Dow communicated this information to plaintiff's attorney. It seemed perfectly plain that the defendant intended that Dow should so communicate with the plaintiff, and that Dow was his agent for that purpose. Dow secured the extension of time desired by the defendant, and the composition was signed by the plaintiff on that condition. It would seem that Dow had at least implied authority to act for the defendant, and did assume to so act. The defendant secured a settlement of the corporation's affairs through the agency of Dow, on terms which he very much desired and which were beneficial to him. He is not now in position to claim that Dow was not his agent.

On the question of presentment and notice to the defendant of the failure of the corporation to pay the note, there

is authority on both sides of the proposition. We think the better rule is that, under the circumstances of this case, where the indorser of the note of the corporation was the president of the corporation and held a majority of the stock, knew of the insolvency of the corporation, knew that the corporation had not paid, and could not pay, the note, it would be a perfectly vain and useless thing to require the presentment and notice of dishonor. It could add nothing to the defendant's knowledge of the situation. If such presentment and notice were given him he could gain nothing thereby, and could not thereby protect himself from any liability.

*By the Court.*—The judgment of the superior court is reversed, with directions to enter judgment against the defendant in accordance with this opinion.