## J. B. WILSON CO. v. FINLEY FARMS CO. et al.   (No. 3091.)

(Court of Civil Appeals of Texas. Texarkana. June 12, 1925. Rehearing Denied June 25, 1925.)

**1. Bills and notes ☞396—Accommodation indorsers, including president of maker corporation, relieved from liability for want of notice of dishonor.**

In suit on promissory notes against accommodation indorsers, one of whom was president and stockholder of corporation making notes, indorsers were relieved from all liability under Vernon's Ann. Civ. St. Supp. 1922, art. 6001—89, where notes were not presented for payment and no notice of dishonor was given; there being no special circumstances bringing case within exceptions found in article 6001—115.

**2. Bills and notes ☞397—Secretary treasurer indorsing note for accommodation of corporation relieved from liability for want of due notice of nonpayment.**

In suit on promissory notes against accommodation indorsers, among whom was secretary treasurer of maker corporation, latter was relieved from liability, under Vernon's Ann. Civ. St. Supp. 1922, art. 6001—89, where no presentment was made, and where no notice of nonpayment was given until some time after maturity, notwithstanding exception to rule requiring notice of dishonor, in article 6001—115, subd. 2, if indorser is person to whom instrument is presented for payment, since, from aught appearing from record, president was proper party to whom to make presentment for payment.

Appeal from District Court, Grayson County; Silas Hare, Judge.

Suit by the J. B. Wilson Company, against the Finley Farms Company and others. Judgment for defendants, and plaintiff appeals. Affirmed.

The J. B. Wilson Company, a corporation, brought the suit against the Finley Farms Company, a corporation, and F. B. Williford, R. M. Finley and C. A. Shock, to recover upon three promissory notes executed by the Finley Farms Company and indorsed by each of the other named persons. The Finley Farms Company made no answer. The other three defendants each filed a general denial and specially pleaded that the notes were the obligations of the Finley Farms Company, and these defendants were only indorsers, and at no time did they have notice of the nonpayment or dishonor of any of the notes until long after such notes became due and payable and had been dishonored by the maker. The court concluded that the defendants were purely accommodation indorsers and entitled to notice, and that, failing to receive any notice of the presentment and dishonor of the notes by the company, they were legally relieved of liability.

It appears that the Finley Farms Company was a corporation organized to operate a dairy. The company purchased of J. B. Wilson Company necessary building material to the amount of $2,500. At the time the material was purchased the defendants Shock, Finley, and Williford were stockholders and directors of the company. R. M. Finley was its secretary and treasurer, and F. B. Williford was its president. On January 1, 1922, $1,000 was paid on the $2,500, and three promissory notes were executed for the balance. The notes were for $500 each, due 6, 12, and 18 months, respectively, after date, and bearing 8 per cent. interest per annum from date. They were made "payable at the office of J. B. Wilson Company in Sherman, Tex.," and were signed, "Finley Farms Company, by F. B. Williford, President." The notes were then indorsed in blank by Finley, Shock, and Williford. It appears that at the time the notes were executed Mr. Finley had sold his interest in the company, and C. A. Shock had become its secretary and treasurer. It was proven as follows:

"If the notes had been presented for payment at maturity it would have been necessary to have presented them either to Mr. Williford or Mr. Shock; so also the notice of nonpayment would have to be given either to Mr. Williford or Mr. Shock, as there was no one else on whom notice could have been served."

This is the extent of the evidence.

The court made and filed the following findings of fact and conclusions of law:

"The defendants R. M. Finley, F. B. Williford, and C. A. Shock were accommodation indorsers and entitled to notice. When the notes fell due, respectively, no presentment to and demand for payment was ever made to Finley Farms Company or any of its officials, and no notice was given to any of the indorsers, either on the dates the respective notes became due, or the day thereafter; that the only notices given were notices to C. A. Shock. On September 10, 1923, the plaintiff wrote a letter to C. A. Shock stating that one of the notes against the Finley Farms for $500 was past due, and in October, 1923, an agent of the plaintiff presented the note that was due 6 months after date and demanded payment. These were the only notices ever given at any time to any of the defendant indorsers.

"The court concludes that as a matter of law demand and presentment of the notes as they fell due was necessary, and that notice to each of the indorsers of the presentment and dishonor was essential, and that, no presentment or demand of payment having been made upon Finley Farms Company, and no notice of presentment and dishonor having been made to the indorsers or any of them until long after the notes fell due, the defendants C. A. Shock, F. B. Williford, and R. M. Finley are relieved from any and all liability."

The findings of fact are accepted and not questioned on the appeal.

H. P. Abney, of Sherman, for appellant.
C. C. Harney, of Sherman, for appellees.

LEVY, J. (after stating the facts as above).
[1] We think the court correctly held that the special circumstances of the case bring it within the terms of the Negotiable Instruments Act. The notes were made by the Finley Farms Company, a corporation, as such, and for its benefit, and the appellees Williford, Shock, and Finley were each accommodation indorsers, without receiving value therefor. When the notes became due according to their terms no presentment to and demand for payment was made to the Finley Farms Company or any of its officials, and no notice was given to any of the indorsers, and no special circumstances appear tending to excuse omission of or delay in due demand for payment or the giving of notice of dishonor. The Negotiable Instruments Act expressly requires that due notice be given an indorser of a note of its dishonor by nonpayment, and that failure to notify him thereof will discharge him from all liability. Article 6001a89, Rev. Stat., or article 6001—89, Vernon's Ann. Civ. St. Supp. 1922. The exception provided is found in article 6001a115 (article 6001—115), reading:

"Notice of dishonor is not required to be given to an indorser in either of the following cases:

"1. Where the drawee is a fictitious person or a person not having capacity to contract, and the indorser was aware of the fact at the time he indorsed the instrument;

"2. Where the indorser is the person to whom the instrument is presented for payment;

"3. Where the instrument was made or accepted for his accommodation."

[2] And the special circumstances do not bring the case within any of the subdivisions. The third subdivision is not applicable, because the notes were not made for the accommodation of the indorsers or either of them, but by the Finley Farms Company, a corporation, as such, and for its direct and immediate benefit. As to Finley and Williford the second subdivision is not made applicable, because no presentment was ever made or notice given to them. Further, Finley was not an officer, or even stock-holder, at the time of the execution of the notes or at the time of their maturity. And, although notice was given to Mr. Shock, at the time and in the manner shown, as to two of the notes, yet there is no substantial evidence to warrant the conclusion that he "is the person" to whom the creditor would make formal demand "for payment," or to impute notice to him that the company could not and would not pay the notes, and that the payee of the notes must look to him as indorser for payment. In certain circumstances an officer, as C. A. Shock in fact was, indorsing a corporation note may occupy the position of "the person to whom the instrument is presented for payment," within the intention of the second subdivision. Whitney v. Chadsey, 216 Mich. 604, 185 N. W. 826; Electric & Mfg. Co. v. Hodge, 181 Mo. App. 232, 167 S. W. 1186; Paper & Board Co. v. Van Buren, 182 Wis. 640, 197 N. W. 338. The circumstances, as appears in each case above, must show that the instrument was seasonably presented, that the officer indorsing the note was the proper person to whom the creditor would make formal presentment of his demand for payment, and that he was authorized to pay the note, or that he was in active charge of the company's affairs, and, in virtue of such position, knew that the company had no funds with which to pay such note when it matured, and could not and would not pay same. In such latter case, as stated, "notice to the indorser of what he already knew would be a vain and useless thing." But, in the absence of such special circumstances, the exception of the statute would not be met. Farmers' & Mechanics' Nat. Bank of Fort Worth v. Head (Tex. Civ. App.) 268 S. W. 992.

In the present case the evidence was to the extent merely that Williford and Shock were the officers of the company, and there were no other officials besides them; and, as a consequence of there being "no one else on whom presentment could be made," presentment would have to be made on one or the other of such officers. It was some time after the maturity of the notes that notice was given to Mr. Shock as to two of the notes. The notes were never presented to the president, Williford. Whether Mr. Shock or Mr. Williford, the president, was the proper person to whom the notes should have been presented for payment when due does not appear. The president, who signed the notes for the company, may have been, as presumably he was, being its chief executive officer, the proper and only person to draw checks or to pay over the money for the company in payment of the notes. The company may or may not have had on hand, for aught the record shows, the funds with which to pay the notes if the notes had been duly presented to the president. Consequently the bare fact that Shock was both secretary and treasurer would not be sufficient ground to relieve him of notice, although the demand was made upon him, if the president, who signed the notes, was the proper and only officer, as presumed he was, to whom the notes should have been presented for payment. And even had the notes been duly and timely presented to Shock, and they were not, still the circumstances leave the situation too doubtful to properly say that the notice as required by law was not necessary or essential.

The judgment is affirmed.