# FIRST STATE BANK OF LARAMIE v. ROCK CREEK PRODUCERS OIL COMPANY.*

### (No. 1243; March 30, 1926; 244 Pac. 372.)

BILLS AND NOTES—NEGOTIABLE INSTRUMENTS—INDORSERS—NOTICE OF DISHONOR—CORPORATION NOTES—OFFICER'S LIABILITY—LIABILITY OF INDORSER.

1. Under Comp. St. 1920, § 3996, parties who placed their signature upon the back of notes, without any special indication as to the capacity in which they would be bound, were indorsers.

2. Parties who placed their signatures on the back of notes, without indicating capacity in which they would be bound, being indorsers, were entitled to notice of dishonor, under Comp. St. 1920, § 4022.

3. Where notes were made by and for benefit of a company, and the indorsers, who were stockholders, received no individual benefit, notes were not made for accommodation of indorsers, and Comp. St. 1920, § 4048, making notice of dishonor unnecessary where instrument is made for accommodation of indorser, did not apply.

4. The general rule is that, where an officer or stockholder of a corporation indorsed a note, payable to a third person, made by and for the benefit of the company, he cannot be held liable, in absence of notice of dishonor.

5. In action on a corporation note against an officer, who indorsed it, and who had had no notice of dishonor, the burden of proof is on plaintiff to bring the case within Comp. St. 1920, § 4048, excusing notice of dishonor, where presentment for payment is made to the indorser.

6. In action on a corporation note against an officer, who indorsed it, and to whom notice of dishonor was not given, the facts proved by plaintiff were insufficient to bring the case within Comp. St. 1920, § 4048, excusing notice of dishonor, where presentment for payment is made to the indorser.

7. Under Comp. St. 1920, §§ 3999, 4042, the liability of an indorser is, in first instance, conditional on nonpayment by the maker, and so, ordinarily, he is entitled to prompt notice whether holder intends to hold him.

*NOTE—See Headnotes (1, 2) 8 CJ p. 76 n. 32 New; p. 637 n. 80; p. 639 n. 92; (3) 8 CJ p. 254 n. 79; p. 285 n. 5; (4-6) 8 CJ p. 639 n. 94; p. 1019 n. 91; p. 1056 n. 83; (7) 8 CJ p. 377 n. 21; p. 637 n. 80.

APPEAL from District Court, Albany County; VOLNEY J. TIDBALL, Judge.

Action by the First State Bank of Laramie against the Rock Creek Producers Oil Company and others. From a judgment for plaintiff against Rock Creek Producers Oil Company, plaintiff appeals.

*F. E. Anderson,* for appellant.

The action was upon notes of the Rock Creek Producers Oil Company, which were indorsed by the defendants; the trial court held that the indorsing defendants were liable as such under the law but that the evidence was insufficient to show notice of non-payment and dishonor, as required by law; said indorsers were accommodation indorsers; 4048 C. S. Sub. Div. 3; Luckenbach v. McDonald, 164 Fed. 296; and as such were not entitled to notice; Verser v. Refining Co., 313 Pac. 863; Westinghouse Co. v. Hodge, (Mo.) 167 S. W. 1186; Oscar Waechter was President of the Oil Company and had actual notice of dishonor when the notes were presented to him for payment; Westinghouse Co. v. Hodge, Supra; Hefferon, another indorser, was also active in the control of the company's affairs and notice to him would have been useless; defendants had given checks for more than $6,000.00 and Waechter, Hefferon and Sullivan agreed to sign notes personally to get the checks paid; they were President, Secretary and Treasurer, respectively, of the corporation defendant. This case falls under subdivisions 2 and 3 of 4048 C. S., and notice of dishonor was unnecessary.

*A. W. McCollough,* for respondents, Waechter and Hefferon.

The petition charged these defendants as joint makers, which was denied; defendants also denied notice of non-

payment of any note due plaintiff indorsed by defendants; the case is here upon the correctness of the ruling below, that defendant indorsers were discharged from liability for failure of the bank to give notice of dishonor, demand and non-payment; the evidence shows that the checks had been cashed prior to the giving of the notes; that the indorsers did not receive notice of non-payment is conceded; the rights and liabilities of indorsers are clearly defined by the Negotiable Instruments Law; 3950, 4004, 4008; 4013, 4022, 4033, 4035, 4036, C. S.; it is contended that defendants were accommodation indorsers and not entitled to notice of non-payment; or if not accommodation indorsers, they were officers of the corporation; the cases cited by appellant do not seem to sustain its position; Section 4048, Sub. Div. 2, does not apply because no presentment was made; Case v. McKinnis, (Ore.) 213 Pac. 429; Bank v. Buckel, (Ky.) 156 S. W. 856; Noland v. Co., (Tenn.) 195 S. W. 581; Crane v. Downs, (Kan.) 196 Pac. 600; Grandison v. Robertson, 231 Fed. 785; there is no presumption that a member of the firm, a stockholder, or officer of a corporation, who indorses its negotiable notes at the time they were made, was benefited thereby and without proof to that effect, they will only be held as indorsers, relieved of liability in the absence of notice of dishonor; Tucker v. Mueller, (Ill.) 122 N. E. 847; Bennet v. Kistler, 163 NYS, 555; Case v. McKinnis, Supra; Maynard Trust Co. v. Furbush, (Mass.) 137 N. E. 270; Bank v. Katterjohn, (Ky.) 125 S. W. 1071; Bank v. Clark, (Kan.) 208 Pac. 549; the fact that the indorsers were directors or officers of a corporate maker, does not excuse lack of notice and strict proof is required to show a waiver of presentment and dishonor; Keiser v. Co., (Calif.) 191 Pac. 552; Phipps v. Harding, 70 Fed. 468; Marshall v. Sonneman, (Pa.) 64 Atl. 874; the entire question is fully discussed in Bank v. Bach, (Ore.) 193 Pac. 1041; Auto Co. v. Winters, (Mo.) 210 S. W. 1; Rockfield

v. Bank, (Ohio) 83 N. E. 392; failure of notice of dishonor discharges the indorser; Long v. Gwin, (Ala.) 66 So. 88; Gresham v. Bank, (Miss.) 95 So. 65; Hall v. Crane, (Mass.) 100 N. E. 554.

*C. V. Garnett,* for respondent, Sullivan.

It is conceded that the provisions of 4022 and 4035 C. S. are not complied with and that no notice of dishonor was given the indorsers; it is not shown that Sullivan is either a stockholder or an officer of the corporation; respondents are accommodation indorsers and notice of dishonor was necessary; 3962, 4022, 4036, 4037 C. S.; Maynard v. Furbush, 137 N. E. 270; Gresham v. Bank, (Miss.) 95 So. 65; Verser v. Oil Co., (Okla.) 213 Pac. 863; Bank v. Clark, (Kan.) 208 Pac. 549; 8 C. J. 252 and cases cited; 3 R. C. L. 1120; where corporate officers indorse a note, the proceeds of which are received by the corporation, the note is not made for the accommodation of the individuals; cases cited, supra; in order to excuse notice to them, it must be proven that they are the persons to whom presentment must be made; Nolan v. Wilcox, (Tenn.) 195 S. W. 581, and cases cited, supra.

BLUME, Justice.

This is an action brought by the First State Bank of Laramie, a banking corporation, against the Rock Creek Producers Oil Company, a corporation, Oscar Waechter, John Hefferon and J. R. Sullivan, defendants, to recover $8504.46, upon two promissory notes. The case was tried to the court without the intervention of a jury. Judgment was rendered in favor of plaintiff, for the amount claimed, against the Rock Creek Producers Oil Company, but relief was denied as to the other defendants. From this judgment of the court, so refusing to enter judgment against Waechter, Hefferon and Sullivan, the plaintiff has appealed. The parties will hereinafter be referred to in the same manner as in the court below.

The suit was brought upon two promissory notes, one for $1,000, dated May 24, 1920, due three months after date, and the other for $6,359.69, dated July 17, 1920, payable on demand. Both notes were given to the First State Bank of Laramie, were payable at its banking house and were signed on behalf of the Rock Creek Producers Oil Company by Oscar Waechter, president, and John Hefferon, treasurer. Both notes were endorsed on the back thereof by the defendants, Oscar Waechter, John Hefferon and J. R. Sullivan. The last named note was given in payment of checks issued on April 14, 1920, June 5, 1920 and June 8, 1920. The defendant Waechter was president and the defendant Hefferon secretary and treasurer of the Rock Creek Producers Oil Company. It is conceded that no notice of dishonor of the notes was given to the endorsers aforesaid, as required by section 4022, W. C. S. 1920, and the case was dismissed against them for that reason.

1. The question is raised as to whether or not the defendants Waechter, Hefferon and Sullivan were endorsers. Section 3997, W. C. S. 1920, provides that:

"A person placing his signature upon an instrument, otherwise than as maker, drawer or acceptor, is deemed to be an endorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity."

The parties just mentioned placed their signature upon the back of the notes, without any special indication as to the capacity in which they would be bound. We have, accordingly, no doubt that they were endorsers and as such entitled to notice of dishonor, as provided by section 4022, supra.

2. Counsel for plaintiff call our attention to section 4048, W. C. S. 1920, which provides, among other things, that notice of dishonor is not required to be given to an endorser "where the instrument was made or accepted

for his accommodation," and the claim is made that the notes in question were made for the accommodation of the endorsers in the case at bar. The testimony, however, shows that the notes were made by and for the benefit of the Rock Creek Producers Oil Company, and that the endorsers received no benefit from the note, except only as other stockholders of the company were benefitted. All of the money represented by the notes was used by the oil company. It is clear that, under these circumstances, the notes in the case at bar cannot be said to have been made for the accommodation of the endorsers. First National Bank v. Bach, 98 Ore. 332, 193 Pac. 1041; Louisville First Nat. Bank v. Bickel, 143 Ky. 754, 137 S. W. 790; Case v. McKinnis, 107 Ore. 223, 213 Pac. 422, and many cases there cited. Counsel for plaintiff call our attention to the case of Luckenbach v. McDonald, 164 Fed. 296. That case, however, was reversed by the Circuit Court of Appeals of the third circuit, as appears in 170 Fed. 434.

3. It is further claimed that notice of dishonor was unnecessary because Waechter was the president and Hefferon the secretary and treasurer of the oil company. The claim is based on the provision of section 4048, supra, which states that notice of dishonor is not required to be given an endorser "where the endorser is the person to whom the instrument is presented for payment." The defendant Sullivan was not shown to be in any way connected with the oil company and hence no reason has, in any event, been shown to excuse want of notice to him. Further, it is the general rule that an officer or a stockholder of a corporation, who endorses a negotiable instrument of the corporation, as in the case at bar, cannot be held liable thereon in the absence of notice to him of dishonor. Maltass v. Siddle, 6 C. B. N. S. 494, 95 E. C. L. 494, 141 Eng. Rep. 549; Phipps v. Harding, 70 Fed. 468, 30 L. R. A. 513; McDonald v. Luckenbach, 170 Fed. 434;

Grandison v. Robertson, 231 Fed. 785; Winter v. Coxe, 41 Ala. 207; Louisville First Nat. Bank v. Bickel, 154 Ky. 11, 156 S. W. 856; Field v. Newspaper Co., 21 La. Ann. 24, 99 Am. Dec. 699; Keiser v. Dredge & Co., 48 Cal. App. 38, 191 Pac. 552; Houser v. Fayssoux, 168 N. C. 1, 83 S. E. 692, Ann. Cas. 1917B 835; Verser v. Sterling Oil & Refining Co., 89 Okla. 114, 213 Pac. 863; J. B. Wilson Co. v. Finley Farms Co., (Tex. Civ. App.) 275 S. W. 222; Farmers and Mechanics Nat. Bank v. Head, (Tex. Civ. App.) 268 S. W. 992. The provision of section 4048 above quoted seems, at first glance, to excuse notice of dishonor to an endorser in such case only when the instrument is presented for payment to the corporation by actually presenting it to a person on behalf of the corporation, who is also sought to be held as an endorser. In the case at bar no actual presentment for payment was made. The notes were payable at the payee bank and, in accordance with section 4006, W. C. S. 1920, they were doubtless sufficiently presented for payment; but the presentment, in any event, was but in the nature of a constructive presentment. Some courts, however, seem to have construed the words "is presented" of section 4048, supra, to mean "would have been presented." Westinghouse Electric & Mfg. Co. v. Hodge, 181 Mo. App. 232, 167 S. W. 1186; Whitney v. Chadsey, 216 Mich. 604, 185 N. W. 826; Waterproof Paper and Board Co. v. Van Buren, 182 Wisc. 640, 197 N. W. 338; In re Swift, 106 Fed. 65; Chemical Co. v. Root, 152 N. Y. N. 368. These cases, or most of them, hold that an officer of a corporation, who also endorses a negotiable instrument made by the corporation, is liable thereon though no notice of dishonor is given him, where he is the only proper person to whom presentment for payment could have been made, or the only person authorized to pay such note upon presentation, or where he was in active charge of the corporation's affairs and knew that the corporation had nothing with which to pay the note

when it matured, and could not and would not pay it. We have examined these cases, but without deciding whether the rule therein announced is correct, we do not think the case at bar falls within that rule. The burden of proof to show the facts to bring the case at bar within the rule was, in any event, upon the plaintiff. The oil company, it is true, had no money, with which to pay the note, in the plaintiff bank, but it is not shown that it had no funds in other places. Nor does it appear that Waechter and Hefferon were the only parties by whom payment of the notes in question could have been made. Merely because they were president and secretary of the oil company, would not require such conclusion. Nor does it appear that these parties had a particularly dominating position in the oil company. There is nothing in the record to show what amount of interest they had in the company. It merely appears that they signed the notes in question; that they also signed some checks in the months of April and June, prior to the execution of the larger note; that the cashier of the plaintiff bank had one talk with Hefferon about the notes; that Waechter was interested in having the checks, for which the larger note in question was given, paid, and that he offered to have a note, endorsed by the endorsers herein, executed to take up these checks. These facts are not, we think, sufficient to bring the case within the rule of the cases last cited. This holding is not based on purely technical grounds, for an endorser has certain fixed rights under the law, of which we cannot arbitrarily deprive him.

In Juniata Bank v. Hale, 16 Serg. & R. (Pa.) 157, 16 A. D. 558, the court, in speaking of the rule requiring notice of dishonor, said:

"Policy and the convenience of the public require a rigid adherence to the rule; for otherwise exception would creep in after exception and leave the law, which ought to be certain, open to speculation and to doubt."

Westinghouse Electric & Mfg. Co. v. Hodge, supra, and other cases like it seem to hold that the purpose of giving notice of dishonor is fully subserved when the endorser has actual knowledge of the dishonor.   The entire correctness of that statement may be doubtful, for it would seem that if that were so, knowledge of the bankruptcy of the party primarily liable should, at least in many cases, dispense with such notice.   The general rule, however, seems to be that though the principal debtor is bankrupt, notice of dishonor is nevertheless required to be given endorsers.   Note 25 A. L. R. 963.   The liability of an endorser is, in the first place, conditional.   He undertakes to pay only on condition that the maker does not pay, and provided that the necessary proceedings be duly given—assuming that he has not waived notice of dishonor.   Secs. 3999 and 4042, W. C. S. 1920.   Ordinarily at least, some positive act should be done by the holder of the note to transform the conditional to an absolute liability. The latter is privileged to waive his claim against the endorser, if he wishes, and rely only on the maker.   (See 3 Kent's Comm. (12th ed.) 143, note b.)   Hence, ordinarily, the endorser is entitled to prompt notice whether the holder intends to rely on the maker of the note, or to hold him, the endorser, responsible, so as to give him an opportunity to protect himself in any manner he can.   Tindall v. Brown, 1 T. R. 167, 99 Eng. Rep. 1033.   In Juniata Bank v. Hale, supra, where the endorser was the administrator of an estate primarily liable, the court said:

"Now here these endorsers ought to have had notice from the Juniata Bank, for that would be notice that they did not mean to resort to the estate, on which, with others, they had administered, but to them in the character of endorsers; whereas by not giving notice, they had a right to conclude the bank intended to look to the drawer."

In 1 Parsons on Contract, (5th ed.) page 283, it is said that:

"The purpose of notice is that the party receiving it may obtain security from the party liable to him, for the sum for which he is liable to other parties. No precise form is necessary, but it must state   *   *   *   expressly or by an equivalent implication, that the party to whom the notice is sent is looked to for the payment."

See also Daniel Neg. Inst. (6th ed.) sec. 1175; Grandison v. Robertson, supra.

Some fourteen persons, it seems, were equally interested in the oil company in question with the endorsers in this case. If notice of the dishonor of the notes had been given the latter, so that they would have definitely known that their liability was transformed from one that was conditional to one that was absolute, it is not at all unlikely that, by moral persuasion or otherwise, they would have induced the other interested parties to have shared the responsibility with them; or, as an alternative, they might have been able to seize enough of the property of the oil company so as to have at least reduced their loss. In any event, it does not appear that they might not have saved themselves, and they should have been given the opportunity to do so.

It follows from what we have said that the judgment of the district court must be affirmed, and it is so ordered.

*Affirmed.*

POTTER, C. J. and KIMBALL, J., concur.