### ENGLE v. SHEPHERD.

No. 14527—Opinion Filed Sept. 16, 1924.

**1. Bills and Notes—Presentment and Notice Unnecessary Where Principal is Insolvent Bank.**

The presentment provided for in sections 7740 and 7741, and the notice provided for in sections 7759, 7772 and 7773, Comp. Stat. 1921, are unnecessary, where the principal is a bank and insolvent and closed by law and in the hands of liquidating agent.

**2. Same—Waiver of Presentment by Indorser.**

Under sections 7779 and 7781, Comp Stat. 1921, the indorser of a negotiable instrument may waive presentment provided for in sections 7740, 7741, 7759, 7772 and 7773, Comp. Stat. 1921, by agreeing, after date the same is due, to pay the indebtedness within a definite time.

**3. Same—Judgment Sustained.**

The record examined, and held, the evidence sufficient to sustain the judgment.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Canadian County; James I. Phelps, Judge.

Action by G. O. Shepherd against Frank M. Engle as indorser on certificate of deposit. Judgment for plaintiff, and defendant brings error. Affirmed.

A. G. Morrison, for plaintiff in error.

Babcock & Trevathan, for defendant in error.

Opinion by THREADGILL, C. Defendant in error obtained judgment in the district court of Canadian county against plaintiff in error, as indorser on a certificate of deposit, issued by the Commercial Bank of El Reno, in the sum of $2,900. The bank issued the certificate September 2, 1921, and made it payable March 2, 1922. Plaintiff in error was defendant and defendant in error was plaintiff, in the trial court, and, for convenience, they will be so designated here.

Defendant owned and conducted a business in El Reno under the name of F. H. Wright Farm Loan Company, and, before maturity, indorsed the certificate of deposit and delivered it to one Fred G. Dennis, who was State Bank Commissioner at that time, and said Fred G. Dennis, before maturity, indorsed it and delivered it to plaintiff, and, according to the record these indorsements and transfers were in the regular course of business. As to what interest Fred G. Dennis had in the transaction does not appear from the record, and it was conceded that plaintiff was the owner and holder of the certificate of deposit, in due course, and for value. On February 28, 1921, the Commercial Bank of El Reno failed and was closed for business on that day. Plaintiff sent the certificate of deposit for collection by turning same over to the Farmers State Bank of Afton, Okla., on March 1, 1922, as shown by its indorsement, and from there it passed into the hands of the First National Bank of Oklahoma City on March 2, 1922, as shown by its indorsement, and from thence into the hands of Citizens' National Bank of El Reno and was presented for payment on March 3, 1922, and was dishonored, as shown by the certificate of notary, protesting the same, and thereafter the indorsers were notified by the notary.

At the time the certificate of deposit was presented for payment the bank was closed and in the hands of the state's liquidating agent, and Fred G. Dennis was gone on a long vacation, the time when and place where being unknown to the general public. On March 4, 1922, plaintiff visited defendant in his office in El Reno and informed him that the certificate of deposit had been dishonored and that he expected him as indorser to pay it. Plaintiff says defendant agreed to pay it by March 15th thereafter, and defendant says he did not agree to pay it, but only agreed to consider it. Defendant refused to pay it when the 15th came

and several letters passed between the parties, in which defendant intimated crookedness, dark and unlawful, which should not be dragged into court, but refused to honor his indorsement, and on May 8, 1922, plaintiff brought this action, the issues were tried to the court and resulted in judgment for plaintiff, and defendant appealed by petition in error and case-made stating four assignments of error as follows:

"(1) The verdict or decision is not sustained by sufficient evidence and is contrary to law. (2) Error of law occurring at the trial and excepted to by the defendant. (3) Error of court in overruling the demurrer to the evidence of the plaintiff. (4) Error of the court in overruling motion of the defendant for judgment after the close of all the evidence"

—and urges them under one general proposition, that the evidence was not sufficient to sustain the judgment.

The evidence shows that the certificate of deposit was presented to the bank for payment March 3, 1922 one day after it was due, and the bank was closed as an insolvent state bank since February 28, 1922, and was in the hands of the state's agents for winding up its affairs, and the bank was out of commission to transact business and meet its obligations; and the check was protested and the indorsers notified by depositing notices of protest in the mail on the same day the certificate of deposit was protested, and defendant contends that the presentation being on March 3rd instead of March 2nd, the day it was due, was too late to bind the indorsers, citing section 7741, Comp. Stats., also sections 7759, 7772 and 7773, Comp. Stats. 1921, and Verser et al. v. Sterling Oil & Refining Company, 89 Okla. 114, 213 Pac. 863, and other cases construing the statutes and upholding this contention.

If the record showed that the Commercial Bank was a going concern at the time the certificate of deposit fell due, and the presentation was made as the record discloses it was, in this case, and there were no other facts or circumstances binding upon the defendant and no provision of the statute applicable to such facts, we would have to sustain the defendant's contention, but the facts are otherwise.

The record discloses that the bank was closed and had ceased to function as a bank and was in the hands of the state's agent for winding up its affairs, and claims against the bank for payment could not be legally made and defendant knew these facts, and such being the case, we do not think

presentment was necessary to bind the defendant as an indorser. Section 7752, Comp. Stats. 1921, provides as follows:

"Presentment for payment is dispensed with: First. Where, after the exercise of reasonable diligence, presentment as required by this chapter cannot be made." 8 C. J. 683.

But if presentment had been practicable and possible the testimony of plaintiff, that defendant on March 4th agreed to pay the indebtedness by the 15th, if believed by the court, would be a waiver of presentment and notice under section 7779, which provides as follows:

"Notice of dishonor may be waived, either before the time of giving notice has arrived, or after the omission to give due notice, and the waiver may be express or implied."

And section 7781 provides:

"A waiver of protest, whether in the case of a foreign bill of exchange or other negotiable instrument, is deemed to be a waiver not only of a formal protest, but also of presentment and notice of dishonor."

Defendant further contends that the court erred in permitting the plaintiffs to testify as to conversations had between him and defendant, and in permitting letters written by plaintiff to defendant and the answers to same to be introduced, but defendant does not give us any reason why this testimony and those letters should not have been admitted, or cite any authority for the alleged error. We have examined the testimony as to the conversations and read the letters, and we think they were competent for the purpose of showing waiver of presentment and notice on the part of defendant, and the letters as corroborative of plaintiff's testimony that defendant agreed to pay the claim.

The transactions disclosed by this record are rather unusual in the history of legitimate banking, loan companies, and bank officials and state bank agents. It will be observed that the certificate of deposit was issued to the person in the farm loan business; it was payable in six months and bore no interest; it was indorsed by the farm loan man and delivered to the State Bank Commissioner and he indorsed it and delivered it to a man in the banking business in the northeastern part of the state; then the poor bank failed; the Bank Commissioner absconded; the holder of the certificate of deposit demands payment and the burden falls upon the loan man, who tries to escape liability on the grounds that there

was crookedness somewhere and he did not have proper notice; but in the trial of the case, the parties do not condemn each other, neither do we condemn them. We think the judgment of the court should be affirmed.

By the Court: It is so ordered.