**STATE ex rel. MOTHERSEAD, Bank Com'r, v. RUTLAND et al.**

No. 17207—Opinion Filed Nov. 16, 1926.

1. **Banks and Banking—Necessity for Presentment and Notice of Dishonor of Note Though Holder's Failed Bank in Hands of Bank Commissioner.**

The Bank Commissioner is not relieved of the duty to present a note for payment and to give notice of dishonor as required by law. because the bank to whom the note is payable is in the course of liquidation under the Bank Commissioner.

2. **Same—Judgment in Favor of Defendants Sustained.**

Record examined; held, to be sufficient to support judgment in favor of the defendants.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Muskogee County: Enloe V. Vernor, Judge.

Action by State of Oklahoma on the relation of O. B. Mothersead, Bank Commissioner, against Ray Rutland, principal, and Eugene M. Kerr, as indorser on promissory note. Cross-action by Eugene M. Kerr against plaintiff. Judgment for Kerr on cross-petition, and judgment against the plaintiff. Plaintiff brings error. Affirmed.

Clarence J. Null, for plaintiff in error.

Stone, Moon & Stewart, for defendants in error.

Opinion by STEPHENSON, C. The petition of the plaintiff alleges that Ray Rutland executed and delivered his several notes to Eugene M. Kerr and James F. Spaulding, doing business as the Muskogee Nash Motor Company. That Eugene M. Kerr and James F. Spaulding, for value before maturity, transferred and assigned the notes to Eugene M. Kerr, who transferred and assigned the notes before maturity for value to the Central State Bank of Muskogee. The Bank Commissioner took charge of the bank for the purpose of liquidation, some five months before the notes became due. The answer of the defendants pleaded that the notes did not waive notice of presentment for payment and notice of dishonor; that the notes were not presented for payment and the notice of dishonor was not given to the indorsers. The answer further set forth that Eugene M. Kerr had $900 on deposit in the Central State Bank when the Bank Commissioner took charge of the institution for the purpose of liquidation. The funds to the credit of Eugene M. Kerr were credited on the notes. The defendant charged that the appropriation of the funds to the payment of the notes was unlawful and without authority, and prayed judgment against the plaintiff in his cross-action. The trial of the cause resulted in judgment against the plaintiff. The plaintiff has appealed the cause here and presents the single proposition that the Bank Commissioner is not required to comply with the Negotiable Instrument Act in winding up the affairs of a failed bank, and was not required to present the notes for payment and give notice of dishonor to the indorsers. The plaintiff in error cites the case of Engle v. Shepherd, 100 Okla. 200, 229 Pac. 208, in support of his contention that he was relieved from presenting the note for payment and giving notice of failure of payment. The Engle Case goes no farther than to hold that presentment for payment and notice of dishonor

are unnecessary where a principal insolvent bank is in the hands of a liquidating agent. The case is not in point on the question here presented.

The plaintiff in error cites the case of White et al. v. State ex rel. Attorney General, 94 Okla. 7, 220 Pac. 624, in support of the proposition submitted. But the case goes no farther than to apply the rule that the statute of limitation does not run against the state in an action on a promissory note held by the State Bank Commissioner as assets of an insolvent bank. The plaintiff in error also calls the attention of the court to section 7751, C. O. S. 1921, but this statute excuses presentment of payment only when the default is caused by circumstances beyond the control of the holder and not imputable to his default, misconduct, or negligence. By the statute, the holder under such circumstances is required to make presentment with reasonable diligence after the cause for delay ceases. The plaintiff in error did not attempt to plead any excuse for the failure to present the notes for payment, nor plead any waiver of the requirement for presentment for payment and notice of dishonor on the part of the indorsers.

We do not understand that the Bank Commissioner is relieved from meeting the requirements of the Negotiable Instrument Act in relation to the collection of notes payable to a failed bank. The plaintiff in error has failed to cite authority showing that the Bank Commissioner is relieved from the requirements of the Negotiable Instrument Act in this respect. In the case of Grimes v. Tait, 21 Okla. 361, 99 Pac. 810, the court said:

"In an action upon a promissory note by an indorsee against an indorser, the petition must allege notice of dishonor by the maker, or such facts as excuse a notice of dishonor."

In the case of Shaffer v. Govreau, 36 Okla. 267, 127 Pac. 507, the court said:

"A petition in an action on a negotiable promissory note, against the indorser thereof, which fails to allege, either that the indorser had been notified of its dishonor, or facts excusing its failure to give notice, is defective."

If, as a matter of law, the Bank Commissioner is relieved from duty of presenting a note for payment and giving the indorsers notice of the dishonor, the petition would be sufficient by alleging the insolvency of the bank, and the possession of the notes by the Bank Commissioner in course of liquidation, and that the same were due and payable. But if the plaintiff relied on a waiver on the part of the indorsers, it would be nec-

essary to plead the facts on which the plaintiff relied.

The plaintiff undertook to prove acts and conduct on the part of the indorsers to waive the requirement of presentment and notice of dishonor, but this evidence went in over the objection of the defendants. So the question is now before us in the same situation as if it had been presented on a judgment overruling a general demurrer to the petition.

The court did not commit error in rendering judgment against the plaintiff.

The judgment is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 8 C. J. p. 682, §958 (Anno.); anno. 25 A. L. R. 962; 3 R. C. L. Supp. p. 1182; 1 R. C. L. Supp. p. 1006; 5 R. C. L. Supp. p. 220. (2) 4 C. J. p. 1129, §3122.